**PIOCHE MINES CONSOLIDATED, INC.,** Ely Valley Mines, Inc., and John Janney, Appellants,

v.

Helen DOLMAN et al., Appellees.

Nos. 18402, 18770, 19005.

United States Court of Appeals Ninth Circuit.

Sept. 23, 1964.

Morse & Graves, Las Vegas, Nev., Roscoe H. Wilkes, Pioche, Nev., T. David Horton, Pioche, Nev., for appellants.

Theodore A. Kolb, Gerald J. O'Connor, Sullivan, Roche, Johnson & Farraher, San Francisco, Cal., Alvin N. Wartman, Las Vegas, Nev., for appellees.

Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

These appeals involve matters occurring subsequent to the judgment in the case of Dolman v. Pioche Mines Consolidated, Inc., et al., No. 311 in the United States District Court for the District of Nevada, Pioche Mines Consolidated, Inc. v. Dolman, 1964, 9 Cir., 333 F.2d 257, No. 17,709 in this court. On appeal from the judgment and from certain other orders in that case, we reversed in part and affirmed in part, and remanded the matter for further proceedings.

Appellants have filed a document which they entitle Motion for Summary Reversal. Appellees have replied and appellants have answered that reply. In view of the positions taken by the parties, we are of the view that oral argument is not necessary in connection with any of these appeals.

In No. 18,402 the appeal is from the denial of a motion to require the plaintiffs Dolman, et al., to give security, to increase the receiver's bond, and to stay execution on the judgment. As to the motion to require the giving of security, appellants and appellees are in agreement that the appeal should be dismissed in view of the court's prior action in No. 17,709.

The two corporations, Pioche Mines Consolidated, Inc. and Ely Valley Mines, Inc. urge that a stay of execution on the judgment for one million dollars in favor of Pioche Mines Consolidated, Inc. and against the defendant John Janney should be ordered by this court, the trial court having denied it. We have heretofore affirmed the judgment against John Janney, but directed that it should be entered in favor of Pioche Consolidated Mines, Inc. rather than the receiver. That judgment is now final. The only basis urged for the stay is that if an execution is levied, Mr. Janney will no longer be in a position to finance the corporations in conducting a trial in action No. 311 of their counterclaims against the plaintiffs Dolman, et al., and in conducting certain other litigation. It is further urged that appellant Ely Valley Mines, Inc. is heavily indebted to Janney, that execution could be levied upon Janney's claim against Ely Valley Mines, Inc., and that this could cause severe hardship to that corporation. None of these facts, if they be facts, would be a ground for an order of this court requiring the trial court to stay execution on this final judgment.

In No. 18,770 there is an appeal from an order denying a motion to quash a subpoena for the examination of the appellant Janney. Appellants state that Janney has since testified in response to that subpoena and they concede that the appeal is moot. Appellees agree. There is a second appeal in No. 18,770 from an order dated March 13, 1963 granting the request of the receiver for authority to sell certain assets of the appellant corporations. Appellants urge that this order should be reversed because we have held that the order appointing the receiver should be reversed. Appellees agree.

In No. 19,005 there is an appeal from an order dated August 30, 1963, ordering the receiver to accept an offer for the sale of certain assets of the two corporations and directing him to disburse the funds for moneys advanced by the receiver, to pay attorneys' fees to his attorneys, to pay his attorneys for certain costs advanced, and to pay himself a fee of $5,000. Appellants urge that this order should be reversed because this court has reversed the order appointing a receiver. Appellees agree.

It is therefore ordered as follows:

1. In No. 18,402 the appeal from the order denying the motion that the receiver's bond be increased and that the plaintiffs, appellees, be required to give security, is dismissed. The order denying stay of execution on the judgment is affirmed.

2. In No. 18,770 the appeal from the order denying a motion to quash subpoena is dismissed as moot. The order of March 13, 1963 granting a request of the receiver to sell certain corporate assets is reversed and the matter is remanded to the district court for further proceedings consistent with the directions given by us on remand in Pioche Mines Consolidated, Inc., et al. v. Dolman, et al., No. 17,709.

In No. 19,005 the order of August 29, 1963 directing the filing of the receiver's account, authorizing him to accept an offer for the purchase of certain corporate assets, and permitting him to reimburse himself for certain claimed costs, to pay certain attorneys' fees, to reimburse his attorneys for certain claimed costs, and to pay himself a fee, is reversed, and the matter is remanded to the district court for further proceedings consistent with the directions given by us on remand in Pioche Mines Consolidated, Inc., et al. v. Dolman, et al., No. 17,709.