385 F.2d 188
 ELY VALLEY MINES, INC., et al., Appellants,
v.
Lawrence Rust LEE et al., Appellees.
ELY VALLEY MINES, INC., and Pioche Mines Consolidated, Inc., Appellants,
v.
Helen DOLMAN et al., Appellee.
ELY VALLEY MINES, INC., et al., Appellants,
v.
Helen DOLMAN et al., Appellee.
 No. 19745.
 No. 19761.
 No. 21099.
 United States Court of Appeals Ninth Circuit.
 November 8, 1967.
 
 Morse & Graves, Johnson & Steffen, Thomas Steffen (argued), Las Vegas, Nev., for appellants.
 Sullivan, Roche, Johnson & Farraher, Gerald J. O'Connor (argued), San Francisco, Cal., Alvin N. Wartmen, Las Vegas, Nev., for appellee.
 Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.
 DUNIWAY, Circuit Judge:
 
 
 1
 These appeals relate to orders made by the District Court after it had entered a new judgment pursuant to our mandate in Pioche Mines Consolidated, Inc. v. Dolman, 9 Cir., 1964, 333 F.2d 257, cert. denied, 1965, 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972. In No. 19,745, the appeal is from an order striking the answer of appellants Ely Valley Mines, Inc. and Pioche Mines Consolidated, Inc. to the amended complaint. In No. 19,761, the appeal is from a restraining order. In No. 21,099, the appeal is from an order denying a motion to amend the judgment entered upon our mandate and an order relating to costs.
 
 
 2
 At the outset, we find it necessary to consider a misapprehension under which appellees, and perhaps the District Judge, seem to be laboring. Appellees urge that the appeal is not really taken by the two corporate appellants but by John Janney and that therefore we should not recognize or take cognizance of the appeals. And the court, in its order striking the answer of the corporations in our No. 19,745 (a document prepared by appellees' counsel) recites:
 
 
 3
 "11. That the said document is purportedly filed on behalf of defendant corporations by defendant JOHN JANNEY; that the said JOHN JANNEY has heretofore been enjoined from acting on behalf of the said corporations, which said injunction has become final after appeal."
 
 
 4
 There is nothing whatever in the record to support this notion. Only two things have happened to Mr. Janney. First, Pioche Mines Consolidated, Inc. has a judgment against him for money. Second, he is enjoined by that judgment from "disposing of, transferring, or removing any of the assets, properties, books, files, records and accounts" of the two corporations. But the judgment does not outlaw Janney, either personally or as president of either corporation, much less does it outlaw the two corporations. It certainly does not prohibit either corporation from asserting whatever right it may have in this litigation. Each is entitled, like every other litigant, to its full day in court, whether its pleading be signed or verified on its behalf by Janney as its president or by some other officer or agent. Each is entitled to have its counsel recognized in this case, whether or not they were retained on its behalf by Janney as president. He has not been removed as president. The directors and other officers have not been removed from office. And we have held that this is not an action for such relief. (See 333 F.2d at 273.) If appellees could bring themselves to recognize this fact, a lot of the sparring and name calling that has gone on in this case might cease, and it ought to be possible to hear and decide the remaining issues on their merits and with reasonable dispatch.
 
 
 5
 Appellees assert that so long as Janney remains as president of Pioche Mines Consolidated, Inc., he will not permit the corporation to enforce its judgment against him. To this there are at least three answers. First, the injunction which we have just quoted would prevent him from disposing of or transferring that judgment. Second, as we pointed out in our prior opinion, there are means whereby the stockholders can elect new directors who will appoint new officers, or can get other appropriate relief. Third, if the stockholders, knowing the facts, should, in a lawful manner, decide that the judgment against him should not be enforced, they could probably do so, whether appellees like it or not.
 
 
 6
 We feel compelled by the records now before us, especially when we consider them in relation to the very voluminous records in the prior appeals, to make a further observation. As we pointed out in our prior opinion, appellants and their counsel, as well as Janney and his counsel, both in the trial court and here, have indulged in unbridled attacks on the impartiality and integrity of the trial judge. These attacks have continued. The present appellants included in the answers which were stricken a counterclaim in which they named the judge as a defendant, charging him with conspiring with plaintiff Dolman, the receiver, and Dolman's counsel to ruin the two corporations and their business, and to acquire their properties at a fraction of their worth, and demanding damages in excess of $15,000,000, trebled, plus punitive damages. Insofar as there are any factual allegations in support of these charges, as they relate to the judge, they all have to do with his conduct of the litigation. This pleading bears the typed signatures of Morse & Graves, Roscoe H. Wilkes and T. David Horton, and the handwritten signatures of Harold M. Morse and T. David Horton, as attorneys for the two corporations. These are grave charges, and if counsel who made them did not have any real basis for them, they should be severely disciplined.[1] The pleading is verified by John Janney. If Janney's affidavit was wilfully false, appropriate action should be taken, either under the statute relating to perjury (18 U.S.C. §§ 1621, 1622) or in proceedings for contempt of court, or both.[2]
 
 
 7
 Section 455 of 28 U.S.C. requires that a judge disqualify himself in any case in which he has a substantial interest. The pleading was filed on August 21, 1964; it was striken on August 25. The order recites, in part:
 
 
 8
 "6. That insofar as such document purports to allege a cause of action against ROGER T. FOLEY, no cause of action is stated in that no cause of action lies upon judicial acts;
 
 
 9
 7. That insofar as such document purports to allege a cause of action against ROGER T. FOLEY, the same is barred by res adjudicata, this Court having heretofore rejected such allegation and the same has now become final after appeal;"
 
 
 10
 On September 2, the same counsel filed what they denominated "Motion to Comply with Mandate of Court of Appeals by Vacating order of August 25, 1964." In that document they assert, among other things, that the judge is disqualified by the filing of the counterclaim and that his order is therefore void. They then proceed to attempt to justify their filing the counterclaim by listing 14 things that they say that the judge did, each of which is, on its face, a judicial act as to which he is, under well-established principles, immune from suit. This document bears the same typewritten signatures of counsel, "by Harold M. Morse" (signature). To say the least, this document lends support to a reasonable belief that the counterclaim against the judge was filed solely for the purpose of disqualifying him. Of course, a judge cannot act in his own case. But neither can counsel, by filing specious pleadings, transmute a law suit between others into the judge's own case solely for the purpose of disqualifying him. We have no doubt that, under the peculiar circumstances, the judge retained his power to act.
 
 
 11
 This litigation has been pending since 1960. Companion cases have been pending much longer. The judge has been on the receiving end of charges of various kinds of misconduct, levelled at him by Janney and the appellants and their counsel, during most of this time. He has borne himself with more patience than the members of this panel might have shown under similar provocation. We are not surprised to find that, from time to time, he has shown some annoyance at the behavior of these parties and their counsel. They may well have goaded him into taking more drastic actions than he would otherwise have taken. See our prior opinion, supra, and our decisions in Pioche Mines Consolidated, Inc. v. Fidelity-Philadelphia Trust Co., 9 Cir., 202 F.2d 944 and 206 F.2d 336, Pioche Mines Consolidated, Inc. v. Foley, 9 Cir., 237 F.2d 164, and Pioche Mines Consolidated, Inc. v. Dolman, 9 Cir., 336 F.2d 789.
 
 
 12
 There often comes a time when it can be said that one man has struggled with a set of problems for long enough, and when it would be the course of wisdom for him to give up the task and call in another, who has not been thus burdened and can take a fresh look at the problems and perhaps dispose of them more rapidly and more comfortably. Perhaps that time has now come in this case and the companion litigation. We leave the question to the trial judge, with only the suggestion that, if he deems it wise, he can disqualify himself with honor; he would not be running away under fire, a thing that we know that he would never do.
 
 
 13
 We now turn to the merits of these appeals, considering first No. 19,745. Counsel for appellants now concede that it was not error to strike the counter-claims contained in the answer that the appellant corporations filed on August 21, 1964. They only urge that our mandate directed that their default be set aside, and that, the trial court having done so, they had a right to answer. Normally, this would be so. However, the Amended Complaint sought no relief against either corporation; it sought relief only against Janney. That relief was obtained, and the judgment against Janney has been affirmed. Appellants cannot relitigate the propriety of the entry of that judgment, and that is what their answers seek to do. The court did, as our mandate directs, reinstate the counterclaims filed by the appellants on April 4, 1960. Appellee Dolman answered on August 3, 1960. The matter is therefore at issue. No leave to amend has ever been sought, as required by Rule 15, F.R.Civ.P. There was no error.
 
 
 14
 The restraining order appealed from in No. 19,761 is dated September 2, 1964, and reads:
 
 
 15
 "Upon the reading of the affidavit of Americo L. Campini herein, and good cause appearing therefor,
 
 
 16
 IT IS HEREBY ORDERED that defendant John Janney, directly and indirectly, by and through T. David Horton, Victor Cottino, and all other agents of said John Janney, are hereby restrained from attempting to occupy, possess, or in any way exert dominion or control over the properties of Pioche Mines Consolidated, Inc., and Ely Valley Mines, Inc.
 
 
 17
 IT IS FURTHER ORDERED that each and all of said persons are to be removed from said properties forthwith."
 
 
 18
 The supporting affidavit, by the receiver, recites that pending settlement of his accounts and on the court's instructions, he has been doing certain assessment work on appellants' properties, that the court has refused to return the properties to "John Janney, purporting to act for and on behalf of the * * * corporations," that appellants sought to review the order by seeking a writ of mandate from this court, which was denied, "thus affirming the action of this court in its denial of said demand of John Janney" and
 
 
 19
 "That defendant John Janney, directly and by and through certain agents, to wit, T. David Horton and Victor Cottino, and others has, in defiance of the above described order of this Court, attempted to seize possession of said mining claims belonging to said corporations.
 
 
 20
 "Your affiant has demanded that said persons remove themselves from said properties, but said persons have refused so to do."
 
 
 21
 The statement that by rejecting the motion of appellants for leave to file their petition for a writ of mandate (which is all that we did), we thereby affirmed the court's order, is incorrect. We merely decided to exercise our discretion to deny the motion. Our mandate in Pioche Mines Consolidated, Inc. v. Dolman directed, among other things, that the court:
 
 
 22
 "* * * vacate the appointment of the receiver, require him to account, settle his accounts in the manner herein approved, charge expenses of the receivership against such parties as may be appropriate under the principles stated in this opinion, require the receiver to deliver the respective properties, books, files, records and accounts of Pioche Mines Consolidated, Inc. and Ely Valley Mines, Inc., to them, and upon the settlement of his accounts and the completion of his duties, discharge him." (333 F.2d at 277-278.)
 
 
 23
 Obviously, the requirement that the properties of the corporations be delivered to them is subject to the normal delays incident to termination of a receivership. But if it appears that there is to be substantial delay in settling the receiver's accounts, as there has been here, and unless it also appears that there is some valid reason why the receiver should retain possession, the return of the properties and records should not await settlement of the receiver's accounts. The continued retention of them by the receiver is a continuing wrong to the corporations. So far as appears, the restraining order is still in effect, and the receiver is still in possession. The restraining order must be reversed. The properties and records should be surrendered forthwith, unless the court determines, promptly, that there is a good reason for not doing so. As we have pointed out, the fact that Janney is still the president of each corporation is not such a reason.
 
 
 24
 In No. 21,099, one of the orders appealed from denies appeallants' motion to alter or amend judgment, solely on the ground that it was filed too late. Rule 59(e), F.R.Civ.P., requires that such a motion be served not later than 10 days after the entry of judgment. The docket shows: "11-23-64 Filing Judgment and Orders After Appeal. Entg. Judgment and Orders after Appeal." It also shows: "12-7-64 Filing Motion to Alter or Amend Judgment." No date of service is recited. The order recites that the motion "was not timely served and filed." Appellants assert that the judgment was not entered until November 30. They point to nothing in the record that supports the assertion. There is no error.
 
 
 25
 The second order denied a motion to retax costs of appellant Ely Valley Mines, Inc. It filed its cost bill on January 4, 1965. The court denied the costs on the ground that notice of entry of the judgment of November 23 was given on November 30, 1964, and the cost bill was filed too late. Rule 18 (a) of the Rules of Practice of the United States District Court for the District of Nevada requires that a memorandum of costs be filed not more than 5 days after such notice of entry. Appellant asserts that no notice of entry of judgment was given, but points to nothing in the record that sustains that assertion. No error is shown.
 
 
 26
 In No. 19,745, the order is affirmed. In No. 19,761, the restraining order is reversed and the matter is remanded. In No. 21,099 the orders are affirmed.
 
 
 
 Notes:
 
 
 [1]
 Rule 11, F.R.Civ.P. provides, in part:
 "Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name. * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted."
 See also Rules 1(c), 192, 203, 198 of the Nevada Supreme Court Rules, Rule 11 of the Nevada Rules of Civil Procedure, and Canons 1, 15, 29-32 of the Canons of Ethics of the American Bar Association.
 
 
 [2]
 At the termination of this litigation, we will take such action as we may think proper regarding the conduct of counsel and of Janney