**PIOCHE MINES CONSOLIDATED, INC.,**
**and Ely Valley Mines, Inc.,**
**Petitioners,**

**v.**

**The Honorable Roger T. FOLEY, Judge**
**of the United States District Court for**
**the District of Nevada, Respondent.**

**No. 22700.**

United States Court of Appeals
Ninth Circuit.

April 28, 1969.

Thomas L. Steffen (argued), of Johnson & Steffen, Las Vegas, Nev., for petitioner.

Samuel C. Shenk (argued), San Francisco, Cal., Singleton, Delanoy, Jemison & Reid, Las Vegas, Nev., for respondent.

Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Pioche Mines Consolidated, Inc. and Ely Valley Mines, Inc. petition this court for a writ of mandamus directing the District Judge to order the immediate return of their properties and records now held by the receiver appointed by the court.

On August 3, 1964, in Pioche Mines Consolidated, Inc. v. Dolman, 9 Cir., 333 F.2d 257, we held (p. 273):

"The orders appointing the receiver, and the portion of the judgment that continues the appointment, must be reversed. The receiver must be required to account and to deliver the properties of the respective corporations to them, and be then discharged."

We remanded the case with directions, *inter alia:*

"To vacate the appointment of the receiver, require him to account, settle his accounts in the manner herein approved, charge expenses of the receivership against such parties as may be appropriate under the principles stated in this opinion, require the receiver to deliver the respective properties, books, files, records and accounts of Pioche Mines Consolidated, Inc. and Ely Valley Mines, Inc., to them, and upon the settlement of his accounts and the completion of his duties, discharge him."

The trial court thereafter refused to order return of the properties because the receiver had not yet accounted. The corporations then sought leave to file a petition for a writ of mandate with this court, which we denied without opinion.

Next, the trial court issued a restraining order enjoining John Janney, the president of the two corporations, and his agents, from attempting to occupy or control the corporations' properties. On appeal, we reversed on November 8, 1967. Ely Valley Mines, Inc. v. Lee, 9 Cir., 385 F.2d 188. In that opinion we pointed out that our denial of leave to file the petition for a writ of mandate was not an affirmance of the court's order refusing to require the receiver to deliver the companies' properties. We also said (p. 193):

"Obviously, the requirement that the properties of the corporations be delivered to them is subject to the normal delays incident to termination of a receivership. But if it appears that there is to be substantial delay in settling the receiver's accounts, as there has been here, and unless it also appears that there is some valid reason why the receiver should retain possession, the return of the properties

and records should not await settlement of the receiver's accounts. The continued retention of them by the receiver is a continuing wrong to the corporations. * * *

"The properties and records should be surrendered forthwith, unless the court determines, promptly, that there is a good reason for not doing so. As we have pointed out, the fact that Janney is still the president of each corporation is not such a reason."

We hoped that this would dispose of the matter. Unfortunately, it did not, for in the meantime Janney died. Counsel for the plaintiffs and the receiver, and the trial court, seized upon this fact as a basis for claiming that there are no officers or directors of either corporation to whom the properties can be returned. This, in spite of the clear statement in our first opinion (333 F.2d at 272–273) that the action was not one for the replacement of the officers and directors, and in our second opinion (385 F.2d at 190) that the judgment did not outlaw the corporations, and that the directors and other officers had not been removed from office. There is not a shred of evidence in the record to support an assertion that those persons listed as officers, directors, and agent of each corporation, as filed each year with the Secretary of State of Nevada, pursuant to Nevada law (Nev.Rev.St. § 78.–150) are not, at the very least, de facto [1] what they purport to be.[2] There is no suggestion that anyone else occupies any of those positions. It simply does not lie in the mouth of the receiver, who is illegally in possession of the corporations' properties, or of the plaintiffs, who wrongfully obtained his appointment, or of the judge, who erroneously appointed him, to assert otherwise. A wrong cannot be perpetuated in any such fashion. The trial court has failed to comply with the mandates of this court.

Let a writ of mandamus issue directing respondent forthwith to order the return by the receiver of the properties, books, files, records and accounts of Pioche Mines Consolidated, Inc. and Ely Valley Mines, Inc. to any officer, director or agent of each, named in the current annual lists of officers, directors, and resident agent required by Nev.Rev.St. § 78.150, and to restrain the receiver from in any manner whatever further interfering with the possession and use, by each corporation, of its properties, books, files, records, or accounts.

---

1. They appear to be officers and directors *de jure* (Nev.Rev.St. § 78.340). But the question is not before us, nor, we repeat, was it before the trial court.

2. Current lists of these persons are in the record of the trial court as Exhibits C and N to Defendant's Reply Memorandum to Plaintiff's and Receiver's Memorandum in opposition to Motion for Return of Corporate Properties, filed in the trial court on April 29, 1968.