MURDOCK, Judge.
Bombardier Capital, Inc. (“Bombardier”), appeals from an order staying the enforcement of a monetary judgment against Sarah McRae and Nancy McRae (“the McRaes”) for as long as the McRaes continue to make installment payments of $163 per month.
In 1998, the McRaes purchased a mobile home as a residence for Nancy McRae.[1] The purchase was financed by an installment sale contract (“the contract”) that was secured by the mobile home. The contract, the security interest in the mobile home, and the related financing documents were assigned to Bombardier by the dealer who sold the mobile home to the McRaes.
In April 2004, Bombardier filed a collection action against the McRaes, alleging that the McRaes had defaulted in making the payments due under the contract and seeking to repossess the mobile home and to collect from Nancy McRae the balance owed on the contract, which totaled $38,714.86, plus interest and attorney fees.[2]
In April 2004, the McRaes, acting pro se,[3] filed an answer admitting that they were living in the mobile home, claiming that they were suffering financial difficulties, disputing the amount of the outstanding balance, and requesting that Bombar *852 dier allow them to continue to live in the mobile home and to continue making the regular monthly payments due under the contract ($329.70 per month). The McRaes’ answer did not dispute the validity of the financing documents or Bombardier’s status as a secured creditor.
In May 2004, Bombardier filed a motion for a summary judgment that was supported by an affidavit and copies of the financing documents. After a continuance at the request of the McRaes, the case was set for a bench trial in August 2004. The McRaes did not appear at the trial, and the trial court entered a default judgment in favor of Bombardier, awarding it a judgment against Nancy in the amount of $38,336.79, awarding Bombardier the right to immediate possession of the mobile home, and ordering Bombardier to dispose of the mobile home in a commercially reasonably manner and to credit the net proceeds against the judgment.
In August 2004, the McRaes filed a pleading styled “request to pay judgment in installments.” This pleading asserted that the McRaes were suffering financial hardship and that they could pay only $163 per month, but the pleading did not challenge the substance of the judgment or request that it be set aside. The McRaes requested that execution of the August 2004 judgment be stayed as long as they continued to make payments of $163 per month. Bombardier filed an objection to the request for a stay. On November 8, 2004, the trial court granted the request for a stay. Bombardier appeals.
Bombardier contends that the trial court erred in staying enforcement of the judgment because there is no authority for it to do so in this case and because the McRaes continue to have unrestricted use of the mobile home without having posted any security to protect Bombardier’s rights. The McRaes did not file a brief in this appeal.
“Although a stay of proceedings prior to judgment so as to await the decision of another court is within the inherent power of the court to control its docket, Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); 2 Champ Lyons, Jr., Alabama Practice: Rules of Civil Procedure Anno. 512 (1973); once a final judgment has been rendered, a trial court must proceed under [Ala. R. Civ. P.] 62 — STAY OF PROCEEDINGS TO ENFORCE A JUDGMENT. See, e.g., In re Massachusetts Helicopter. Airlines, Inc., 469 F.2d 439 (1st Cir.1972); Pioche Mines Consolidated, Inc. v. Dolman, 336 F.2d 789 (9th Cir.1964).”
Ex parte Osborn, 375 So.2d 467, 468 (Ala.1979). Rule 62, Ala. R. Civ. P., is not applicable in this case. We therefore reverse the judgment of the trial court granting the stay, and we remand the cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. Nancy McRae is Sarah McRae’s mother. According to the McRaes’ answer, Nancy is 92 years old and in poor health.

. Bombardier asserts in certain of its pleadings that a money judgment was not sought against Sarah because her debt to Bombardier had been discharged in bankruptcy. The only relief sought against Sarah was possession of the mobile home.

.Sarah signed the answer in her individual capacity and also on behalf of Nancy. In light of our disposition of this appeal, we do not address Bombardier’s contention that Sarah lacked authority to appear on behalf of Nancy.