LaVerne YOUNG, Plaintiff,

v.

PEORIA HOUSING AUTHORITY et
al., Defendants.

No. 79–1065.

United States District Court,
C. D. Illinois.

Nov. 21, 1979.

Clifton J. Mitchell and Richard W. Zuckerman, Peoria, Ill., for plaintiff.

David L. Thomas and Brian M. Nemenoff, Peoria, Ill., for defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ROBERT D. MORGAN, Chief Judge.

This action involves alleged due process violations in the termination of plaintiff's employment with the Peoria Housing Authority (PHA). Plaintiff, LaVerne Young, asserts two claims under 42 U.S.C. § 1983, which allege procedural due process violations in the manner of her termination. With respect to both claims, all defendants have moved for summary judgment pursuant to Rule 56, F.R.Civ.P. The pleadings, affidavits, answers to interrogatories, and other documentary evidence, indicate that there are genuine issues as to some material facts. However, summary judgment is appropriate for certain defendants.

Plaintiff's first claim for relief alleges that Dorothy Stewart-Madison and the PHA terminated her employment with the PHA without providing her with advance notice of the charges against her, and without giving her an opportunity to have a pre-termination hearing before an impartial tribunal where she could confront any adverse witnesses and refute the charges against her. The second claim alleges that the PHA and the members of the PHA Board of Commissioners (Wade H. Chestnut, John F. Lankton, Donald R. Jackson, and Carrie Bell Brown) wilfully refused to advise the plaintiff of any decision or findings of fact that they may have made following plaintiff's post-termination hearing.

Based on the following analysis of the law and the facts before the court, summary judgment on the first claim is denied as to both Stewart-Madison and the PHA. On the second claim, the motion is granted with respect to Lankton, Jackson, Brown, and the PHA, but is denied as to Chestnut.

█ In order to determine the propriety of summary judgment, the court must determine to what procedure plaintiff was entitled. This determination turns on whether plaintiff had a claim of entitlement to employment or a mere subjective expectancy of employment. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Based on statements in the PHA's "Manual of Personnel Policies," and the length of plaintiff's employment, it is clear that a claim of entitlement, rather than a mere expectancy, existed. This created for plaintiff a property interest in her continued employment which invoked the procedural guarantees of due process.

█ The requirements of due process are flexible, depending upon a balancing of the interests involved in a particular situation. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). *Mathews* states the three factors to be considered in the balancing process. These factors are (1) the af-

fected private interest, (2) the risk of an erroneous deprivation of this interest under varying procedures, and (3) the governmental interests, including fiscal and administrative burdens. Due process in the instant situation requires pre-termination notice of the contemplated action and notice that specifies the reasons for the termination. The notice should be such that would allow the employee to immediately refute the charges in order to prevent a dismissal based upon an obvious error. In addition, there must be some semblance of a hearing within a reasonably short time after the termination. This hearing need not adhere to formal trial procedures and evidentiary rules; but at the very least, the employee must be allowed to hear the evidence against him and present evidence in his own behalf to refute or explain the charges. Following the hearing, the employee must be given notice of the hearing decision and the basis of the decision. Although the better policy may be to provide written notice in all cases, due process would not appear to require such unless the employee expressly requests it. In many situations, an employee may prefer immediate oral notification rather than waiting for the drafting and processing of formal written notice.

The prior paragraph briefly outlines what due process appears to require in the present circumstances. The court has not presented an extensively detailed or comprehensive statement of the due process requirements, because the evidence presented at trial may develop additional facts concerning the interests and procedures involved, thereby affecting the exact due process requirements. This flexibility in determining the applicable requirements of due process is premised on assuring fairness to the individual in his specific situation.

The essential matter in dispute under the first claim is whether plaintiff was provided with proper pre-termination notice of her dismissal such that an opportunity to refute obviously erroneous charges existed. The affidavits submitted by plaintiff and defendants create substantial disputes on

whether such notice was given, particularly concerning the existence and nature of meetings on April 27 and May 5, 1977. There also is an issue of fact relating to the sufficiency of the August 26, 1977 hearing before the Board of Commissioners, particularly whether plaintiff was allowed to present witnesses on her own behalf and to refute the evidence against her by means of cross-examination.

■ The immunity of the PHA is governed by *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), wherein the Court held that a municipal corporation is only liable under § 1983 when its policy, practice, or custom inflicts the complained-of injury. The PHA's "Manual of Personnel Policies" does not establish a well-defined process to be used in the dismissal of employees. The general grievance procedure provides a loose framework, with much discretion as to actual procedures left to the executive director. In her affidavit, Stewart-Madison, as executive director, states that the PHA complies with its official personnel policies. However, in her answers to interrogatories, Stewart-Madison states that the actual methods and procedures followed in this case complied with the official policies. Consequently, if plaintiff demonstrates that the procedures actually followed in this case failed to meet the applicable due process standards, then the PHA may be liable.

■ Under the second claim, the Board members assert an absolute, quasi-judicial immunity. Judges do have an absolute immunity from liability for acts committed within their judicial jurisdiction. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). This common law immunity is limited to individuals with a judicial position, court officials, and individuals acting pursuant to a court directive. *Bauers v. Heisel,* 361 F.2d 581 (3d Cir. 1966). A comprehensive collection of the case law in *Bauers* does not include any cases extending this absolute immunity to administrative officials acting in a quasi-judicial capacity. Defendants have cited no cases wherein this extension was made. As rec-

ognized by the Supreme Court in *Pierson,* one reason for the absolute immunity is that the erroneous decision of a judge is automatically subject to review through appellate courts. There is no appellate system that could automatically review an erroneous decision of the Board of Commissioners of the Peoria Housing Authority.

■ While an absolute judicial immunity is not available to the Board members, they do have a qualified, good-faith immunity. *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). With this immunity, these defendants are not immune (1) if they knew, or reasonably should have known, that the action they took would violate plaintiff's constitutional rights, or (2) if they took the action with the malicious intention to cause a deprivation of constitutional rights or other injury. *Wood, supra,* at 322, 95 S.Ct. 992.

■ With respect to Chestnut, there are genuine issues as to material facts concerning his involvement in the alleged failure to notify plaintiff of the Board's decision. Chestnut states that he notified plaintiff of the decision on the phone within a few days after the hearing before the Board. Plaintiff acknowledges a phone conversation at that time, but denies that Chestnut informed her of the Board's decision during the conversation. In addition, there are issues as to letters and phone conversations between Chestnut and plaintiff's attorney concerning the notification of plaintiff.

■ With respect to Lankton, Jackson, and Brown, summary judgment is granted. There are two alternative justifications for summary judgment as to these defendants. First, they are entitled to the qualified, good-faith immunity. Plaintiff has suggested no facts that in any way indicate that these defendants acted improperly or in bad faith. Through the answers to interrogatories and affidavits, it is uncontradicted that at the meeting of August 26, 1977, the Board members designated Chestnut to notify plaintiff of the Board's decision.

There is no indication that these defendants acted in bad faith to injure plaintiff, or that they should have reasonably known that any action on their part would violate plaintiff's constitutional rights. On the contrary, the only action by these defendants was an attempt to comply with plaintiff's due process rights by providing her with notice of their decision through Chestnut. In *Cruz v. Beto*, 603 F.2d 1178 (5th Cir. 1979), the court held that in a § 1983 suit against state officials, the burden is on the plaintiff to establish the absence of the good-faith immunity, which plaintiff has failed to do in this case.

■■■■ The alternative ground for granting summary judgment for these defendants is that liability for damages under § 1983 requires personal involvement by the defendant in the alleged deprivation. A § 1983 complaint is insufficient if it fails to allege overt acts by the defendant, or that acts were done at defendant's direction, or that they were done with his knowledge and consent. *McDonald v. Illinois*, 557 F.2d 596 (7th Cir. 1977); *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971). While plaintiff does allege such conduct by these defendants in the complaint, sworn materials before the court show that these three defendants had no personal participation in the alleged deprivation, either directly or indirectly through knowledge and consent. The alleged deprivation occurred subsequent to the August 26 meeting, at which, the uncontradicted evidence shows, measures to notify plaintiff were taken by these defendants. There is no suggestion of subsequent acts by these defendants that involve the failure to notify plaintiff. As established in *Monell*, § 1983 liability cannot be premised on the principle of *respondeat superior*; rather, for liability to exist, there must be a direct causal link between the defendant's actions and the deprivation. In this case plaintiff has failed to present sufficient facts linking Lankton, Jackson, and Brown to the alleged deprivation.

■■■■ On the second claim for relief, summary judgment is also granted as to the PHA. Stewart-Madison is not included in this claim, and the deprivation results from the alleged actions of Chestnut in not notifying plaintiff. This alleged failure by Chestnut, which would have violated an understanding of the Board of Commissioners, i. e., that Chestnut would notify plaintiff, and the absence of any other evidence indicating that it was a persistent practice of the PHA to not notify affected individuals of its decisions, fail to establish a PHA policy, practice, or custom that caused plaintiff's injury. Under *Monell*, such a causal link is required.

Accordingly, IT IS ORDERED that defendants' motion for summary judgment on plaintiff's first claim is DENIED as to Dorothy Stewart-Madison and the Peoria Housing Authority, and on plaintiff's second claim the motion is DENIED as to Wade H. Chestnut.

IT IS FURTHER ORDERED that said motion is GRANTED as to John F. Lankton, Donald R. Jackson, Carrie Bell Brown, and the Peoria Housing Authority, and judgment is entered herein in favor of those defendants.