868 F.2d 300
 Sharon Murl van LEEUWEN, William W.J. van Leeuwen, Appellants,
v.
UNITED STATES of America, State of Arkansas, U.S. Judge
Donald P. Lay, U.S. Judge Franklin H. Waters, U.S. Attorney
General Edwin Meese, III, U.S. District Attorney J. Michael
Fitzhugh, U.S. Assistant Attorney Mark Webb, U.S. Assistant
Attorney Deborah J. Groom, Ark. Chancery Judge John
Lineberger, Ark. Circuit Judge Robert McCorkindale, Ark.
Attorney General Steve Clark, Ark. Prosecuting Attorney
Gordon Webb, Ark. Deputy Prosecuting Attorney Gary Isbell,
First National Bank, Harrison, Covington & Younes, Thomas
Ledbetter, Appellees.
 No. 88-2365.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 9, 1989.
Decided Feb. 23, 1989.
 
 Sharon and William van Leeuwen, pro se.
 Van T. Younes, Harrison, Ark., for appellees.
 Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Sharon and William van Leeuwen appeal pro se from the final order of the District Court[1] for the Western District of Arkansas sua sponte dismissing with prejudice their civil rights action for damages against various state, federal, and private parties. For the following reasons, we affirm the order of the district court pursuant to 8th Cir. R. 14.
 
 
 2
 In 1982 the van Leeuwens purchased cattle and a bulldozer from Charles and Margaret Holland, unaware that appellee First National Bank (bank) held secured interests in these goods. Shortly thereafter, the Hollands declared bankruptcy, and the bank obtained a state court judgment to enforce its rights against the van Leeuwens. Apparently, the van Leeuwens subsequently attempted to have state and federal criminal charges brought against the Hollands, a state judge, and a federal judge.
 
 
 3
 On July 28, 1988, the van Leeuwens filed a $3.5 million lawsuit in federal district court against the bank; the bank's attorneys and the van Leeuwens' own attorney in the previous state case; and numerous federal and state judges, prosecuting attorneys, and attorneys general. Specifically, the van Leeuwens claimed they were deprived of property and liberty without due process because (1) the state judge presiding over the civil action made incorrect rulings, and another state judge failed to pursue criminal charges against the Hollands; (2) the Chief Judge of the Eighth Circuit failed to investigate charges the van Leeuwens had lodged against a federal judge; (3) the prosecuting attorneys and attorneys general failed to investigate and pursue criminal charges against the Hollands, the state judge, and the federal judge; (4) the bank and its attorneys unlawfully failed to pursue criminal charges against the Hollands, and aided the government in allowing Charles Holland to testify in the state action, allegedly in violation of his fifth amendment rights; and (5) the van Leeuwens' attorney in the state case committed malpractice and breached his fiduciary duty to them.
 
 
 4
 On August 9, 1988, the district court sua sponte dismissed the van Leeuwens' complaint for the reasons that (1) the federal and state judges were immune from suit, as their alleged unlawful rulings and actions were performed in connection with cases over which the judges had jurisdiction, see Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1104-05, 55 L.Ed.2d 331 (1978); (2) the federal and state prosecuting attorneys and attorneys general were immune from suit, because their alleged illegal acts were based upon their exercise of prosecutorial functions, see Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); (3) the van Leeuwens did not state a claim under Bivens[2] or 42 U.S.C. Sec. 1983 against the bank, its attorneys, or the van Leeuwens' attorney, because none was a government actor or in conspiracy with a government actor, see Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-06, 26 L.Ed.2d 142 (1970); (4) the van Leeuwens had no standing to assert a claim for the alleged violation of Charles Holland's fifth amendment rights, see United States v. Bruton, 416 F.2d 310, 312 (8th Cir.1969), cert. denied, 397 U.S. 1014, 90 S.Ct. 1248, 25 L.Ed.2d 428 (1970); and (5) the district court lacked diversity jurisdiction over the van Leeuwens' remaining state law claims against their former attorney, as both parties were alleged to have been citizens of Arkansas.[3]
 
 
 5
 Upon careful review, we agree with the district court's conclusions as set forth in its well-reasoned opinion.
 
 
 6
 Accordingly, we affirm the district court's order of dismissal. See 8th Cir. R. 14.[4]
 
 
 
 [1]
 The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [3]
 The district court's dismissal was with prejudice as to all defendants except the van Leeuwens' attorney. The district court granted the van Leeuwens fourteen days to amend their complaint relative to their attorney's citizenship, and stated that if they failed to do so, the dismissal would become one with prejudice. The van Leeuwens did not amend the complaint
 
 
 [4]
 The motion to dismiss the van Leeuwens' appeal filed on behalf of the bank and its attorneys is hereby denied as moot