In the Matter of Rodney ERICKSON
and Vera Erickson, Debtors.

Rodney ERICKSON and Vera
Erickson, Plaintiffs,

v.

FEDERAL LAND BANK, et
al., Defendants.

Bankruptcy No. BK87–524.
Adv. No. A88–4065.

United States Bankruptcy Court,
D. Nebraska.

Aug. 31, 1989.

Rodney Erickson, pro se.

Paul W. Madgett, Omaha, Neb. for Judge Mahoney.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER comes before the court on a Motion to Strike (Fil. # 73), Motion for Sanctions, and Motion to Dismiss (Fil. # 74), asserted by The Honorable Timothy J. Mahoney, Chief Judge of the United States Bankruptcy Court for the District of Nebraska, and plaintiffs' Objection to Motion to Dismiss (Fil. # 77). Judge Mahoney's Motion for Sanctions was raised by counsel orally at the hearing in this matter held on May 4, 1989. Plaintiff Rodney Erickson appeared *pro se* and Paul W. Madgett appeared on behalf of Judge Mahoney. I conclude that Judge Mahoney's motion to strike is moot, that Mr. Erickson should be given an opportunity to be heard on the motion for sanctions, that the mo-

tion to dismiss should be granted, and that plaintiffs' objection should be denied.

## FACTS

On August 10, 1988, plaintiffs initiated this adversary proceeding before Judge Mahoney by filing a complaint against various defendants, including myself, Judge John C. Minahan, Jr. Plaintiffs allege that I violated the Agricultural Credit Act of 1987 by allowing foreclosure proceedings on plaintiffs' property before the Farm Credit Bank ("FCB") determined whether plaintiffs' loan qualified for restructuring under the Act. Motions to dismiss were subsequently filed by all defendants, including myself.

On October 27, 1988, plaintiffs amended their complaint by adding Judge Mahoney as a defendant. The complaint against Judge Mahoney is two-fold. First, plaintiffs allege that Judge Mahoney received an *ex parte* letter from Mr. Ronald Sanchez, a defendant, and should have recused himself from this action. This letter was a cover letter to a brief and contained the salutation "very truly yours." Plaintiffs allege that this phrase could have been "a sexual thing" and that there was a "possible rendezvous" between Judge Mahoney and Mr. Sanchez. Second, plaintiffs allege that Judge Mahoney violated the Agricultural Credit Act of 1987 by allowing foreclosure proceedings on plaintiffs' property before the FCB determined whether plaintiffs loan was eligible for restructuring under the Act.

On October 31, 1988, a hearing was held before Judge Mahoney on the defendants' motions to dismiss. Judge Mahoney sustained the motions to dismiss on December 2, 1988, including the motion to dismiss filed on behalf of myself.

Plaintiffs subsequently appealed the order dismissing me and the other defendants from this action. This appeal was dismissed by the United States District Court for the District of Nebraska on June 1, 1989, and is currently pending before the United States Court of Appeals for the Eighth Circuit.

Pursuant to being named as a defendant in plaintiffs' amended complaint, Judge Mahoney filed the motion to strike and motion to dismiss at issue herein. These motions were referred to me for ruling.

## DISCUSSION

Initially, I conclude that it is appropriate for me to proceed with this case, despite the pendency of plaintiffs' appeal. First, plaintiffs have not filed a motion under Bankruptcy Rule 8005 to stay proceedings in this case pending the appeal.

Second, I conclude that I am not required to recuse myself from this proceeding. I note that the plaintiffs have named me as a defendant in their original complaint. After notice and a hearing, an order was entered dismissing the complaint against me. I conclude that I am not required to recuse myself despite the pending appeal of this order. I have reviewed 28 U.S.C. § 455 and case law on the issue of recusal, and I conclude that neither requires me to recuse myself from this case.

Moreover, there are two factors in this case that weigh heavily against recusal. First, the claims stated against both Judge Mahoney and myself are frivolous and could have been dismissed *sua sponte*. See *van Leeuwen v. United States*, 868 F.2d 300 (8th Cir.1989). Second, a debtor should not be permitted to frustrate the administration of justice by asserting frivolous claims against sitting judges. The appearance of a conflict of interest is not created by the assertion of a frivolous claim against a judge. See *Maier v. Orr*, 758 F.2d 1578 (Fed.Cir.1985); *Ely Valley Mines, Inc. v. Lee*, 385 F.2d 188 (9th Cir. 1967).

### Motion for Sanctions

The court concludes that the motion for sanctions should be considered on the merits after first giving Mr. Erickson an opportunity to be heard. Plaintiffs' contention that "a sexual thing" may have existed between a defendant in this case and Judge Mahoney, and that a "possible rendezvous" may have occurred appears to have no basis in fact or in law. However, Mr. Erickson will be given the opportunity to be heard on the request for imposition of sanctions.

Under Bankruptcy Rule 9011 and Federal Rule of Civil Procedure 11, sanctions may be imposed on persons who sign a document in violation of the rules. Such sanctions may include an order to pay reasonable expenses incurred by the opposing party. See *In re Elegant Concepts, Ltd.*, 67 B.R. 914, 921 (Bkrtcy.E.D.N.Y.1986); *Axmann v. Ponte*, No. CV88–L–500, slip op., 1989 WL 80362 (D.Neb. January 4, 1989).

### Motion to Dismiss

Judge Mahoney's motion to dismiss should be granted because prosecution of this suit against him is barred by the doctrine of judicial immunity.

It is well established that judges are absolutely immune from suits for damages for acts performed in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331, *reh'g denied*, 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *McClain v. Brown*, 587 F.2d 389 (8th Cir. 1978); *van Leeuwen v. United States*, 868 F.2d 300 (8th Cir.1989). Pursuant to the Supreme Court's holding in *Stump*, a two part test is used to determine whether a judge is entitled to judicial immunity. First, the act complained of must be a judicial act. Second, the act must not have been taken in the clear absence of all jurisdiction.

The actions of Judge Mahoney in relation to the plaintiffs were judicial acts performed within proper jurisdictional limits. First, Judge Mahoney's actions were in relation to official judicial acts. Judge Mahoney took no action regarding the plaintiffs other than judicial acts relating to plaintiffs' bankruptcy case. Further, plaintiffs' complaint alleges only that Judge Mahoney continued to rule on motions filed in plaintiffs' case before a determination was made as to whether plaintiffs' loan qualified as a distressed loan

under the Agricultural Credit Act of 1987. This allegation is solely in regard to actions Judge Mahoney took in connection with plaintiffs' bankruptcy case. As Judge Mahoney was engaged in an official judicial activity, the first prong of the test enuniciated in *Stump* is satisfied.

Second, the actions taken by Judge Mahoney were not taken "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356, 98 S.Ct. at 1105 (citations omitted). Judge Mahoney had subject matter jurisdiction over the plaintiffs' bankruptcy case. *See* 28 U.S.C. §§ 1334, 15, Dist.Ct.Local Rule 51. Further, the *Stump* court provided that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge" and that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356, 98 S.Ct. at 1105. Therefore, the actions of Judge Mahoney were judicial acts performed in the course of a bankruptcy proceeding over which Judge Mahoney had proper jurisdiction.

Based on the reasons set forth, I conclude that Mr. Erickson should be given further opportunity to be heard on the motion for sanctions and the motion to dismiss should be sustained. As this case will be dismissed, the motion to strike is moot.

Separate orders will be entered consistent herewith.