**In re Rainsford J. WINSLOW, et al.**

**Keith D. WILLIAMS, et al., Plaintiffs/Appellants,**

v.

**Rainsford J. WINSLOW and Winifred W. Winslow, Defendants/Appellees.**

**No. 89–K–1673.**

**Bankruptcy No. 89 B 0247.**

United States District Court, D. Colorado.

Nov. 30, 1989.

---

3. Idaho Code § 63–3024A.

Robert J. Dyer, III, Paul G. Urtz, Stutz, Dyer & Miller, Denver, Colo., for creditors/appellants.

Rainsford J. Winslow, Winifred W. Winslow pro se.

## ORDER

KANE, Senior District Judge.

This is an appeal pursuant to 28 U.S.C. § 158(a) from an order of the Honorable Roland J. Brumbaugh recusing himself from presiding in further proceedings in this bankruptcy case.

On September 13, 1989, Bankruptcy Judge Brumbaugh recused himself in the face of a verified motion to disqualify filed by the defendants/appellees. The order requires some scrutiny because Judge Brumbaugh did not grant the motion to disqualify, but he did recuse himself. Review under these circumstances is limited to a determination of whether Judge Brumbaugh abused his discretion in taking the action he did.

In his order of recusal Judge Brumbaugh stated:

> If the verified motion stood alone, this Court would deny it. However, on August 25, 1989, the debtors also filed a verified complaint with the Judicial Council of the Tenth Circuit alleging judicial misconduct by the undersigned.
>
> I agree with the creditors that the actions by the debtors are nothing more than a manipulation of the system in order to delay the proceedings and that sanctions should be imposed. But, under these circumstances, in order to preserve the integrity of the system which the debtors abuse, the undersigned must recuse himself.

There is no finding sufficient to require disqualification in accordance with 28 U.S.C. § 455 and there is nothing in the record before me which would justify such a finding. The filing of a complaint with the Judicial Council is not grounds for disqualification. It would serve no useful purpose, however, for me to review the law concerning disqualification as I did in *Winslow v. Lehr*, 641 F.Supp. 1237 (D.Colo. 1986). Judge Brumbaugh is not the first judge by far who has been the recipient of a verified motion to disqualify filed by these defendants/appellees nor indeed is he the last. Upon review I cannot find a single such motion to disqualify in over a dozen of them which has any merit nor do I have the slightest anticipation that anything I say in this order will modify this established exercise in *ipse dixit* analysis by these movants.

■ The ordinary processes of litigation require a judge to remain on a case unless he must disqualify himself irrespective of subjective evaluation based on an objective standard set forth by statute. These grounds do not include, as the movants persist in asserting, alleged errors in rulings even when the ruling is such as to amount to a denial of a constitutional right. The remedy is review of the judge's decision, not replacement of the judge.

All of the foregoing is discussed because the parties to this proceeding have raised these issues in their briefs. They have nothing to do, however, with the basis for my ruling in the instant matter.

■ Irrespective of the filing of any motion to disqualify, a judge necessarily must consider on a subjective basis whether his ability to be fair and impartial in a given case is compromised. Here, the word subjective must be emphasized. What may dislodge one judge from an acquired discipline of impartiality might not even cause another to sigh. It would serve no useful purpose to discuss the vagaries of experience which might effect an individual judge at any particular time—certainly fatigue and the extraordinary pressures to which bankruptcy judges in this district are presently subjected are common factors to be considered.

■ At the foot of this discussion, I can only say that Judge Brumbaugh's order of recusal indicates he reached that point in this case. For him, I infer a degree of exasperation was reached so as to make it unlikely that this eminently fair man could continue to be confident of his own impartiality in this particular case. I find no abuse of discretion on his part in reaching this conclusion.

■ An abuse of discretion exists when there is no factual basis upon which to support the given decision. Here, Judge Brumbaugh stated that the motion was inadequate, that in addition a complaint alleging judicial misconduct had been filed, that he believed the defendants/appellees were manipulating the system and that sanctions should be imposed against them. The key language of his order is "But, under these circumstances, in order to preserve the integrity of the system which the Debtors abuse, the undersigned must recuse himself."

Implicit in his decision and in his stated desire to preserve the integrity of the system is the recognition that recusal should not be taken lightly. Even in aggravating circumstances judges must recognize that recusal only results in delay, duplication of effort, and the substitution of one judge for another; it is a substitution of personality, not of kind. Here, Judge Brumbaugh made a subjective decision based upon observable facts and reached a reasoned, if regrettable, conclusion. I find no abuse of discretion present. The decision of Judge Brumbaugh to recuse himself is, accordingly, affirmed. Whether Judge Brumbaugh might or ought to recuse himself in another case or matter involving any or all of the same parties is a matter for him to decide when and if the occasion should arise. No costs will be awarded in this particular appeal.

Defendants/Appellees have also filed a motion for stay of proceedings and permission to file an appeal concerning disqualification of me with the Court of Appeals. That motion is denied.