In re John A. BETTS, Debtor.

ATTORNEY REGISTRATION AND DIS-CIPLINARY COMMISSION OF THE SUPREME COURT OF ILLINOIS, Plaintiff,

v.

John A. BETTS, Defendant.

Bankruptcy No. 91 B 21706. Adv. No. 92 A 00325.

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 13, 1992.

M. Scott Michel, U.S. Trustee, Chicago, Ill.

Ruthe A. Howes, Chicago, Ill., for Adm'r of Attorney Registration and Disciplinary Com'n.

Kenneth A. Kozel, LaSalle, Ill., for John A. Betts.

Thomas B. Sullivan, Chicago, Ill.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on a motion filed by John A. Betts, (the "Debtor"), pursuant to 28 U.S.C. § 455, seeking an order disqualifying the undersigned bankruptcy judge from further hearing this matter. For the reasons set forth herein, the Court denies the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and Local Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core pro-ceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

### A. HISTORY OF THE PROCEEDING

Many of the background facts and history of the adversary proceeding are contained in the Court's prior Opinion. *See Attorney Registration and Disciplinary Com. of Supreme Court v. Betts, (In re Betts)*, 142 B.R. 819 (Bankr.N.D.Ill.1992). The plaintiff, the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC") seeks determination of dischargeability pursuant to 11 U.S.C. § 523(a)(7). The Debtor is a practicing and licensed Illinois attorney who disputes the nondischargeability of ARDC's claim asserted herein. After denial of the Debtor's motion to dismiss the complaint, the Court ordered the Debtor to file an answer to the complaint. The Debtor answered, denying the substantive allegations contained therein, and asserted a number of affirmative defenses.

Thereafter, the Debtor's attorney served out and noticed up for presentment on July 10, 1992, in accordance with General Local Rule 12 of the United States District Court for the Northern District of Illinois, a motion to disqualify the undersigned judge. At the time and place of the scheduled presentment no one appeared, and that motion was denied without prejudice. Subsequently, on July 17, 1992, because no objections to the Debtor's discharge had been filed by any party, the Court issued a discharge of the Debtor. The instant motion to disqualify was renewed, noticed and served out for presentment in accordance with Local Rule 12 on July 31, 1992. This time, the Debtor's attorney appeared at the specified time of presentment. Thereafter, the Court took the matter under advisement.

### B. CLAIM OF DISQUALIFICATION

The Debtor's only cited authority is that portion of 28 U.S.C. § 455(a) which provides that any judge of the United States shall "disqualify himself in any proceeding

in which his impartiality might reasonably be questioned." Although not specifically cited, the Debtor's arguments in part, obliquely assert possible personal bias against the Debtor as proscribed by section 455(b)(1). The motion contains no case or other authority in support of the relief requested. Moreover, the Debtor has not supplied an affidavit containing specific facts showing personal bias or prejudice either against the Debtor or in favor of ARDC pursuant to 28 U.S.C. § 144.

The motion asserts five principal arguments. First, the Debtor contends that there is an appearance of impropriety because the Court is also hearing cases of clients of the Debtor, and therefore the Court cannot sit in judgment of both the Debtor and his clients. Second, the Debtor concludes that it would be more judicially economical or expedient to assign this matter to another judge who is disinterested. Third, the Debtor questions the Court's impartiality. The attorney for ARDC appeared on March 6, 1992, on a motion for additional time to file objections to discharge. The Debtor alleges this hearing was ex parte because although service of that motion and notice of that hearing was sent to the Debtor by Federal Express, same was allegedly defective because ARDC "knew" the Debtor would not be available to accept delivery of that motion. Fourth, the Debtor believes that the Court is "subject" to ARDC as a licensed Illinois attorney, unlike district judges who are allegedly not subject to ARDC. They do not allegedly need a license to practice law to retain their life tenured offices, unlike bankruptcy judges who are appointed for term. Fifth, the Debtor argues that proper consideration of some of the affirmative defenses to ARDC's complaint should be considered only by the district court, and therefore, the matter should be withdrawn to the district court pursuant to 28 U.S.C. § 157(d).

### III. APPLICABLE STANDARDS

#### A. FEDERAL RULES OF BANKRUPTCY PROCEDURE 5004 AND 9003

Although not cited by the Debtor, Federal Rule of Bankruptcy Procedure 5004 provides the procedure by which disqualification motions proceed. Subparagraph (a) expressly provides as follows:

> A bankruptcy judge shall be governed by 28 USC § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case.

Fed.R.Bankr.P. 5004(a).

Similarly, Federal Rule of Bankruptcy Procedure 9003 is implicated by the allegations concerning proscribed ex parte proceedings. Bankruptcy Rule 9003 provides in relevant part:

> *Except as otherwise permitted by applicable law*, any examiner, any party in interest, and any attorney, accountant, or employee of a party in interest shall refrain from ex parte meetings and communications with the court concerning matters affecting a particular case or proceeding.

Fed.R.Bankr.P. 9003(a) (emphasis added). With regard to the allegations concerning the alleged ex parte hearing on March 6, 1992, nothing in Bankruptcy Rule 9003 prohibits written communication with a judge, or a hearing on a written motion served with notice of hearing thereon, so long as copies are sent to the other parties of interest involved in the case or proceeding. *See* 9 *Collier on Bankruptcy* ¶ 9003.03 at 9903–4 (15th ed. 1992). As noted in Black's Law Dictionary, the term "ex parte" includes in the definition: "a judicial proceeding, order, injunction, etc., is said to be ex parte when it is taken or granted at the instance and for the benefit of one party only, *and without notice to*, or contestation by, any person adversely interested." (emphasis supplied) *Black's Law Dictionary*, (6th ed. 1990).

#### B. *28 U.S.C. §§ 455(a) and (b)(1)*

The relevant provisions of section 455 state as follows:

> (a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a) and (b)(1).

■ The test under section 455(a) is whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. *Liljeberg v. National Health Services Acquisition Corp.,* 486 U.S. 847, 865, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855 (1988); *New York Housing Development Corp. v. Hart,* 796 F.2d 976 (7th Cir.1986); *Union Carbide Corp. v. U.S. Cutting Service, Inc.,* 782 F.2d 710, 715 (7th Cir.1986); *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir. 1985). "Judges have an obligation to litigants and their colleagues not to remove themselves needlessly, ... because a change of umpire in mid-contest may require a great deal of work to be redone ... and facilitate judge-shopping." *In re National Union Fire Ins. Co.,* 839 F.2d 1226, 1229 (7th Cir.1988) (citation omitted).

■ A judge is presumed qualified to hear a proceeding and the movant has the burden of proving otherwise. *Idaho v. Freeman,* 478 F.Supp. 33 (D.Idaho 1979). A judge is not disqualified under section 455 merely because a litigant has transformed his fear of an adverse decision into a fear that the judge will not be impartial. *Idaho v. Freeman,* 507 F.Supp. 706, 762 (D.Idaho 1981), citing S.Rep. No. 93–419, 93rd Cong., 1st Sess.1973. Furthermore, a party moving for recusal or disqualification has the burden of producing facts which would raise such doubts. *Clay v. Doherty,* 608 F.Supp. 295, 299 (N.D.Ill.1985). A judge should not recuse himself if the alleged bias of the judge stems from the facts the judge learned when participating in the case in his judicial capacity. *In re M. Ibrahim Khan,* 751 F.2d 162 (6th Cir. 1984); *United States v. Patrick,* 542 F.2d

381 (7th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977).

■ To disqualify a judge, the asserted bias or prejudice must be personal and arise from extra-judicial matters. *United States v. Kelley,* 712 F.2d 884 (1st Cir. 1983). The basis for disqualification for a lack of impartiality must be reasonable. *S.J. Groves & Sons & Co. v. International Brotherhood of Teamsters,* 581 F.2d 1241 (7th Cir.1978). A judge cannot be disqualified merely because of his prior rulings in a judicial proceeding. *See United States v. Haldeman,* 559 F.2d 31, 133 (D.C.Cir.1976) (en banc), *cert. denied* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). As pointedly noted in *In re Erickson,* 107 B.R. 222 (Bankr.D.Neb.1989), "a debtor should not be permitted to frustrate the administration of justice by asserting frivolous claims against sitting judges. The appearance of a conflict of interest is not created by the assertion of a frivolous claim against a judge." *Id.* at 224 (citations omitted).

■ Frivolous and improperly based suggestions that a judge recuse should be firmly declined. *Maier v. Orr,* 758 F.2d 1578 (Fed.Cir.1985). Section 455 does not entitle litigants to judges of their own choice. *Blizard v. Fielding,* 454 F.Supp. 318 (D.Mass.1978), *aff'd,* 601 F.2d 1217 (1st Cir.1979). Recusal should not be based on frivolous, speculative or irrational grounds. *M.K. Metals, Inc. v. National Steel Corp.,* 593 F.Supp. 991, 993–994 (N.D.Ill.1984).

■ Recusals based on section 455 have been denied in this district in cases involving other bankruptcy judges on various grounds. Even apparent antagonism or animosity towards counsel must be of such character and intensity as to warrant a reasonable belief that the judge might not be able to impartially consider arguments in the case before the court. *See In re Forty–Eight Insulations, Inc.,* 84 B.R. 129 (Bankr.N.D.Ill.1988) (before assuming office, a bankruptcy judge while practicing law, had signed a complaint against a law firm representing a debtor alleging legal malpractice; held not required to recuse himself). Disputed sua sponte fee hearings

in Chapter 7 cases were the subject of recusal motions in *In re Wyslak,* 94 B.R. 540 (Bankr.N.D.Ill.1988) (recusal was not warranted despite debtor's approval of the fee, the Chapter 7 trustee's failure to question it, and the lack of any evidence that the fee was not warranted). In addition, *In re Memorial Estates, Inc.,* 90 B.R. 886 (N.D.Ill.1988) involved affirmance of a denial by a bankruptcy judge to recuse in a contested matter wherein the judge had expressed impatience with counsel and where counsel erroneously suggested that the judge might be personally liable for his decisions.

Other bankruptcy case authorities from other districts and circuits are instructive. *See In re Casco Bay Lines, Inc.,* 17 B.R. 946 (BAP 1st Cir.1982) (a judge's comments during a trial or hearing of the matter before him are disqualifying only if they could show a fixed opinion or a closed mind on the merits of the case); *In re Winslow,* 107 B.R. 752 (D.Colo.1989) (alleged errors in rulings are remedied by appellate review of a judge's decision, not replacement of the judge); *In re Parr Meadows Racing Asso.,* 5 B.R. 564 (Bankr.E.D.N.Y.1980) (ex parte communications between a bankruptcy judge and participants in a bankruptcy proceeding, in and of themselves, were held not grounds for recusal).

## IV. DISCUSSION

■ The Court summarily rejects the Debtor's first argument that it cannot judge both the matter of the Debtor and cases involving any, or all, of the Debtor's unidentified clients. This argument is devoid of any supporting authority, as well as logic. As the Seventh Circuit has frequently warned, parties who make general allegations without supporting authority or explanation forfeit their point. *Pelfresne v. Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990). There is no compelling (or any other) reason advanced to show why the Court cannot independently determine the merits of these cases or contested matters. This Judge adjudicates solely on the facts admitted into evidence, in accordance with applicable law, without regard to identity of parties or their attorneys. This com-

ports with the required oath of office to administer justice without respect to person under the Constitution and laws of the United States. *See* 28 U.S.C. §§ 153(c) and 453. The fact that an attorney is a client and party in one case, as well as an attorney for other clients as parties in other cases, compels no logical or reasonable conclusion that all cannot have their separate contested cases and matters decided by the same neutral judicial officer.

■ The Court similarly rejects the Debtor's second argument that it would be more judicially economical or expedient to have this adversary proceeding reassigned to another bankruptcy judge. Reassignment is not an efficient means to utilize judicial resources to economically decide this matter, consonant with the requirements of Federal Rule of Bankruptcy Procedure 1001. If there is no additional judicial or staff involvement inherently incidental to a reassignment, judicial economy and efficiency will be maximized. The Court can take proper judicial notice of the undisputed fact that the bankruptcy court call for most (but not all) Title 11 cases and related adversary proceedings filed for the Illinois counties of Will, Grundy, LaSalle and Kendall was reassigned to this Judge from the Honorable David H. Coar effective January 1, 1992. In light of such recent reassignment of pending matters, which included the Debtor's case, it would be highly inefficient and uneconomical to make any additional reassignment unless mandated by the requirements of section 455.

■ The Court finds frivolous the third argument asserting possible personal bias against the Debtor. In fact, the Debtor has never personally appeared in any hearing before this Judge in any case or adversary proceeding. Thus, there is no factual basis whatsoever for any reasonable person to infer any actual personal bias by this Judge against the Debtor. Instead, at all hearings at which someone has appeared for or on behalf of the Debtor, he has been represented by his attorney of record.

Furthermore, the contention that the hearing on ARDC's motion to extend time for filing objections to discharge was ex parte is blatantly incorrect. Ex parte proceedings are those conducted not only in the absence of the opposing party, but also held without notice. ARDC's motion was accompanied by a notice of motion signed in accordance with the requirements of Federal Rule of Bankruptcy Procedure 9011 by its attorney of record, containing a certification of proof of service showing a copy of the motion and notice of hearing was served by overnight mail to the Debtor in accordance with Local Rule 12 prior to the hearing. Same were sent to the Debtor at his address of record, with additional copies sent to all other scheduled creditors, the interim Chapter 7 case trustee, and a staff attorney for the United States Trustee. Service of motions is effective on mailing, not receipt. ARDC's certification of service is entitled to a prima facie presumption of its validity and effectiveness. *See Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D.Ill.1989). The Debtor has not supported his argument that neither the Court nor ARDC "knew" its service was defective or insufficient in any affidavit.

The Debtor's conclusion that the nature of the hearing at which the Debtor failed to appear is ex parte is simply erroneous and illogical. To so find would transform all court hearings where one side defaults and does not appear after a prima facie showing of notice is made, to those of ex parte proscribed nature. Such hearings would become ex parte through the simple ploy of one party failing to appear. Default judgments could never be entered without successful challenge as being ex parte. No adverse results to the Debtor were occasioned from the hearing because no objections to discharge were filed. None of the Court's previous rulings in this matter have displayed any bias or prejudice against the Debtor or a hint of any propensity for same, nor shown any favor towards ARDC. The only other adverse ruling against the Debtor thus far has been the Court's denial of the Debtor's motion to dismiss. On that motion, however, the Court has followed the applicable law as applied to the facts as discussed in that prior Opinion.

The Debtor's fourth argument is further lacking in merit or compelling logic, and is a veiled assault on the independence of the Article I members of the federal judiciary. It is true that this Judge has maintained his license to practice law issued by the Supreme Court for the State of Illinois. It is also an undisputed fact that this Judge has never engaged in, and is not now engaging in, the practice of law since assuming office of a United States Bankruptcy Judge. Such cessation of the practice of law is in conformance with the requirements of 28 U.S.C. § 153(b). Accordingly, there has been no conduct by this Judge for a period of over four and one-half years to be "subject" to scrutiny by ARDC. The mere fact that this Judge has maintained his Illinois law license, but not exercised any of the practice privileges of an attorney at law, shows no bias in favor of ARDC or against the Debtor. Because this Judge has not practiced law since January 1, 1988, it is therefore logical to conclude he will not likely or potentially be the subject of scrutiny by ARDC, and thus there is no reason why this Judge cannot afford the Debtor a fair trial in 1992.

It disingenuous to argue that a bankruptcy judge who serves a fourteen year term of office under 28 U.S.C. § 152(a)(1), rather than a life tenure as a district judge under 28 U.S.C. § 134, cannot impartially decide a bankruptcy case, contested matter, or related adversary proceeding. Moreover, there is no requirement that bankruptcy judges sitting in Illinois be licensed Illinois attorneys in order to perform their duties as such judicial officers. Similarly, there is no such requirement for district judges in Illinois to be licensed Illinois attorneys. Although it may be true that most district and bankruptcy judges sitting in Illinois were, and may still be licensed Illinois attorneys, that probably results because most of the sitting district and bankruptcy judges in Illinois were selected from among the licensed

Illinois bar. That many sitting bankruptcy and district judges still maintain their law licenses in Illinois is also understandable given the extensive educational, other requirements, and hard efforts required of lawyers to be admitted to the bar of the Supreme Court of Illinois. Thus, most judges, similar to practicing lawyers, like the Debtor, do not readily give up their law licenses.

■ Lastly, the Debtor's arguments concerning withdrawal of the reference are denied because the Debtor has chosen the wrong forum in which to raise them. Withdrawal of the reference of a case or adversary proceeding, in whole or in part, is within the authority of the district court. *See* 28 U.S.C. § 157(d). Original jurisdiction over cases filed under Title 11, and related adversary proceedings is vested in the district court pursuant to 28 U.S.C. § 1334(a) and (b). All such matters are automatically referred by Local Rule 2.33(a) to the bankruptcy judges who constitute a statutory unit of the district court known as the bankruptcy court. *See* 28 U.S.C. § 151(a). That reference made by

the district court is for it alone to withdraw, not the bankruptcy court. Accordingly, if the district court finds it appropriate under 28 U.S.C. § 157(d), it may withdraw the reference of this matter. That decision is not for this Court to make. Accordingly, the Debtor's other arguments on his perceived need for district court consideration of his asserted affirmative defenses on the merits need not be considered.

## V. CONCLUSION

For the reasons set forth herein, the Court hereby denies the Debtor's motion to disqualify.

This Opinion serves as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.