In re John A. BETTS, Debtor.

Bankruptcy No. 91 B 21706.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 18, 1994.

Kenneth A. Kozel, LaSalle, IL, for John A. Betts, debtor.

Craig M. Armstrong, Armstrong & Surin, Ottawa, IL, for Sharon Becker and William Surin.

Kevin M. Mason, Utica, IL, Special Process Server appointed by the Circuit Court of LaSalle County, Ill.

M. Scott Michel, Chicago, IL, U.S. Trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

These matters come before the Court on the petition of John A. Betts (the "Debtor") for a rule to show cause against Sharon Becker ("Becker"), William Surin ("Surin"), Kevin Mason ("Mason"), and the Honorable Stephen D. White ("Judge White"), requesting this Court to enter an order requiring them to show why they should not be held in contempt of this Court and for other relief. Becker, Surin and Mason have all filed responsive pleadings in opposition, and their own respective motions to strike and dismiss the Debtor's petition. In addition, the Debtor has filed a motion to disqualify the Court and Craig M. Armstrong ("Armstrong") as attorney for Becker and Surin. For the reasons set forth herein, the Court hereby denies the Debtor's petition and motions. The Court grants the motions of Becker and Mason and dismisses the petition. The Debtor is ordered to pay the $130.00 statutory fee for reopening this case pursuant to 28 U.S.C. § 1930(b), Appendix thereto, subsection (a).

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. All matters are core proceedings under 28 U.S.C. § 157(b)(2)(A) and (O).[1]

---

1. In his motion to disqualify the Court, the Debtor maintains that the motion is non-core, and thus requires the Court to submit proposed findings of fact and conclusions of law to the district court. The starting point for determining whether a matter is a core proceeding is 28 U.S.C. § 157(b)(2), which contains a non-exclusive list of matters that are considered core proceedings. The Seventh Circuit set forth the test for determining whether a matter was a core proceeding: "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

## II. *FACTS AND BACKGROUND*

Some of the relevant facts and background of this case are contained in earlier Opinions. *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts,* 142 B.R. 819 (Bankr.N.D.Ill.1992); *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts,* 143 B.R. 1016 (Bankr.N.D.Ill.1992); *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts,* 149 B.R. 891 (Bankr.N.D.Ill.1993); and *Attorney Registration & Disciplinary Com. of Supreme Court v. Betts,* 157 B.R. 631 (Bankr.N.D.Ill.1993). In those Opinions the Court respectively denied the Debtor's motion to dismiss an adversary complaint filed against him; denied the Debtor's motion to disqualify the Court; granted summary judgment against the Debtor and found a debt non-dischargeable under 11 U.S.C. § 523(a)(7); and denied the Debtor's post-trial motion to alter or amend the judgment.

On October 11, 1991, the Debtor, a practicing Illinois attorney, filed a pro se Chapter 7 case. The petition was accompanied with a list of creditors which did not include any of the parties respondent in the instant matters. The Debtor did not file requisite schedules of assets and liabilities, and the statement of affairs as required by Official Bankruptcy Forms 6 and 7. Those untimely papers were filed on February 12, 1992.

The Debtor's filed schedules and statement of affairs listed no interest in real property, "$250.00 in cash on hand, and in one bank account", and the Debtor's wearing apparel. All were claimed exempt. The Debtor listed four creditors holding disputed claims for attorneys' fees and costs, a funeral bill, and copying expenses which totalled $1,500.00. The Debtor's statement of affairs listed three pending lawsuits, none of which involved Becker, Surin, Armstrong, Mason or Judge White.

On July 31, 1992, Becker, as the appointed personal representative of the probate estate of Glenn Serby (the "Serby estate"), requested relief from the automatic stay. Becker is represented by Surin and Armstrong. The Debtor opposed that motion. At the time of the preliminary hearing on that motion, the Court found the relief requested moot by reason of the July 17, 1992 order of discharge. The automatic stay had terminated pursuant to 11 U.S.C. § 362(c)(2)(C) upon the entry of the discharge order under 11 U.S.C. § 524. No appeal was taken from that determination. Thereafter, the bankruptcy case was closed on September 15, 1992. The related adversary proceeding was concluded in this Court in 1993.

Without reopening the bankruptcy case, the Debtor filed the instant petition on August 6, 1993, seeking a rule to show cause against Becker, Surin, Armstrong, Mason, and Judge White. In March, 1992, Becker, represented by Surin, petitioned the Circuit Court of the Thirteenth Judicial Circuit, LaSalle County, Illinois, for issuance of a citation to discover assets in the Serby estate against the Debtor. The citation required the Debtor to produce any property in his possession allegedly belonging to the Serby estate and to answer questions relating thereto. Mason was appointed special process server by the state court. He served the Debtor with the citation. The Debtor failed to appear at the hearing on the citation. Subsequently, a rule to show cause was entered against the Debtor by Judge White on April 14, 1992.

The gravamen of the Debtor's instant petition is that the respondents' individual and collective actions violated the automatic stay, and that all respondents should be held in contempt of this Court. In addition, the Debtor requests that his attorney's fees and costs be taxed against them in an amount of at least $1,500.00. Also, he asks that Judge White should be ordered to dismiss the citation proceedings and, if he does not, additional relief be awarded. The Court notes that the Debtor waited over one year to file the petition at bar.

Becker, Surin, and Mason request the Court to dismiss the Debtor's petition be-

---

*Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir. 1990), *quoting In re Wood,* 825 F.2d 90, 97 (5th Cir.1987). A motion to disqualify a bankruptcy judge from hearing a bankruptcy case would only arise in a bankruptcy case that has been referred by the district court. Thus, the Court rejects the Debtor's argument that the motion to disqualify is a non-core proceeding.

cause the citation was not to recover against the Debtor personally, but was only to recover property of the Serby estate. They maintain that the actions taken against the Debtor were in order to recover property or information belonging to the Serby estate, and were not seeking to collect any pre-petition claim against the Debtor *in personam*, or any of the property of the bankruptcy estate, or any of the Debtor's individually owned property as scheduled by the Debtor. Becker and Surin further contend that they were not then advised that the Debtor had filed the instant Chapter 7 case. It was not until June 15, 1992, as the result of a supplemental motion filed in the state court to dismiss the probate proceedings against the Debtor, did they become aware of the pendency of this case. Thus, Becker and Surin claim that their actions in the Serby estate proceedings were taken without knowledge of the pendency of the bankruptcy case and were not a willful violation of the automatic stay. In reply, the Debtor argues that what constitutes probate estate property could be more appropriately determined in this federal bankruptcy court.

Mason's response notes, among other things, that he was appointed by order of the state court, and thus was acting under its authority. Similarly, Mason contends he had no actual knowledge of the instant case until he was served with the petition at bar in 1993. He argues that the relief sought against him is frivolous and seeks unspecified sanctions against the Debtor and the Debtor's attorney.

In addition, the Debtor has renewed his motion to disqualify the Court. He contends that the Court is no longer sufficiently detached to render a fair and impartial decision based on the Court's prior adverse rulings in the related adversary proceeding. The Debtor has also filed a motion to disqualify Armstrong from acting as attorney for both Becker and Surin. The Debtor maintains that because Surin and Armstrong are partners, Armstrong has a conflict. He alleges that if the Debtor is successful, Armstrong would be compelled to prefer Surin's interests to those of Becker. Armstrong replies that there is no conflict of interest because

he and Surin have agreed that if Becker is found to have violated the automatic stay, Armstrong will hold Becker harmless for any costs or fees incurred as a result.

## III. DISCUSSION

### A. Reopening the Bankruptcy Case

■ A preliminary issue overlooked by all parties is that the bankruptcy case was closed on September 15, 1992. Hence, there is no active case pending before the Court within which to decide the instant matters. Rather than summarily dispose of the arguments of the parties because no one has asked for reopening, the interests of justice and the merits of the dispute militate in favor of the Court exercising its authority under 11 U.S.C. § 350(b). Reopening the case is necessary to afford relief to the parties under the instant petition and motions, and for the good cause of deciding the issues on the merits. The decision to reopen a case is within the broad discretion of the bankruptcy court. *In re Bianucci*, 4 F.3d 526, 528 (7th Cir.1993), *citing In re Shondel*, 950 F.2d 1301, 1304 (7th Cir.1991).

Pursuant to 11 U.S.C. § 105(a), the Court, as a party in interest, may issue sua sponte any order that is necessary or appropriate to carry out the provisions of Title 11. Accordingly, despite such oversight on the part of the parties, the Court orders the reopening of the case pursuant to section 105(a) as implemented by Federal Rule of Bankruptcy Procedure 5010, solely for the purpose of deciding the issues raised in the petition and motions at bar. The Debtor, whose petition triggered all these matters, is ordered to pay the statutory fee of $130.00 under 28 U.S.C. § 1930(b), Appendix thereto, subsection (a).

### B. The Debtor's Motion to Disqualify the Court

The Debtor's motion to disqualify the Court merely concludes that the Court has lost its detachment and is unable to render decisions in a fair and unbiased manner because of the adverse ruling against the Debtor previously referenced herein. The Debtor cites no case law or statutory authority, but obliquely asserts possible personal bias against the Debtor as proscribed by 28 U.S.C. § 455 made applicable by Bankruptcy

Rule 5004(a). The relevant provisions of section 455 state as follows:

(a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a) and (b)(1).

The test for disqualification under section 455 is whether "an objective disinterested observer fully informed of the facts [of the case] ... would entertain significant doubt that justice be done." *Union Carbide Corp. v. U.S. Cutting Service, Inc.,* 782 F.2d 710, 715 (7th Cir.1986), *citing Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir.1985). "Judges have an obligation to litigants and their colleagues not to remove themselves needlessly, ... because a change of umpire in mid-contest may require a great deal of work to be redone ... and facilitate judge-shopping." *In re National Union Fire Ins. Co.,* 839 F.2d 1226, 1229 (7th Cir.1988) (citation omitted).

▪ A judge is presumed qualified to hear a proceeding and the movant has the burden of proving otherwise. *Idaho v. Freeman,* 478 F.Supp. 33 (D.Idaho 1979). A judge is not disqualified under section 455 merely because a litigant has transformed his fear of an adverse decision into a fear that the judge will not be impartial. *Idaho v. Freeman,* 507 F.Supp. 706, 762 (D.Idaho 1981), *citing* S.Rep. No. 93–419, 93rd Cong., 1st Sess.1973. Furthermore, a party moving for recusal or disqualification has the burden of producing facts which would raise such doubts. *Clay v. Doherty,* 608 F.Supp. 295, 299 (N.D.Ill.1985). A judge should not recuse himself if the alleged bias of the judge stems from the facts the judge learned when participating in the case in his judicial capacity. *In re M. Ibrahim Khan,* 751 F.2d 162 (6th Cir.1984); *United States v. Patrick,* 542 F.2d 381 (7th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977).

▪ To disqualify a judge, the asserted bias or prejudice must be personal and arise from extra-judicial matters. *United States v. Kelley,* 712 F.2d 884 (1st Cir.1983). The basis for disqualification for a lack of impartiality must be reasonable. *S.J. Groves & Sons & Co. v. International Brotherhood of Teamsters,* 581 F.2d 1241 (7th Cir.1978). A judge cannot be disqualified merely because of his prior rulings in a judicial proceeding. *See United States v. Haldeman,* 559 F.2d 31, 33 (D.C.Cir.1976) (en banc), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). As pointedly noted in *In re Erickson,* 107 B.R. 222 (Bankr.D.Neb.1989), "a debtor should not be permitted to frustrate the administration of justice by asserting frivolous claims against sitting judges. The appearance of a conflict of interest is not created by the assertion of a frivolous claim against a judge." *Id.* at 224 (citations omitted).

▪ Frivolous and improperly based suggestions that a judge recuse should be firmly declined. *Maier v. Orr,* 758 F.2d 1578 (Fed.Cir.1985). Section 455 does not entitle litigants to judges of their own choice. *Blizard v. Fielding,* 454 F.Supp. 318 (D.Mass. 1978), *aff'd,* 601 F.2d 1217 (1st Cir.1979). Recusal should not be based on frivolous, speculative or irrational grounds. *M.K. Metals, Inc. v. National Steel Corp.,* 593 F.Supp. 991, 993–994 (N.D.Ill.1984).

▪ Recusals based on section 455 have been denied in this district in cases involving other bankruptcy judges on various grounds. Even apparent antagonism or animosity towards counsel must be of such character and intensity as to warrant a reasonable belief that the judge might not be able to impartially consider arguments in the case before the court. *See In re Forty–Eight Insulations, Inc.,* 84 B.R. 129 (Bankr.N.D.Ill.1988) (before assuming office, a bankruptcy judge, who while practicing law had signed a complaint against a law firm representing a debtor alleging legal malpractice, was not required to recuse himself). Disputed sua sponte fee hearings in Chapter 7 cases were the subject of recusal motions in *In re Wyslak,* 94 B.R. 540 (Bankr.N.D.Ill.1988) (recusal was not

warranted despite debtor's approval of the fee, the Chapter 7 trustee's failure to question it, and the lack of any evidence that the fee was not warranted). In addition, *In re Memorial Estates, Inc.*, 90 B.R. 886 (N.D.Ill. 1988), involved affirmance of a denial by a bankruptcy judge to recuse in a contested matter wherein the judge had expressed impatience with counsel and where counsel erroneously suggested that the judge might be personally liable for his decisions.

Other bankruptcy case authorities from other districts and circuits are instructive. *See In re Casco Bay Lines, Inc.*, 17 B.R. 946 (1st Cir. BAP 1982) (a judge's comments during a trial or hearing of the matter before him are disqualifying only if they could show a fixed opinion or a closed mind on the merits of the case); *In re Winslow*, 107 B.R. 752 (D.Colo.1989) (alleged errors in rulings are remedied by appellate review of a judge's decision, not replacement of the judge); *In re Parr Meadows Racing Asso.*, 5 B.R. 564 (E.D.N.Y.1980) (ex parte communications between a bankruptcy judge and participants in a bankruptcy proceeding, in and of themselves, were held not grounds for recusal).

Applying the above standards to the present matter, the Court finds that the Debtor's contentions do not form a sufficient basis to reasonably question the Court's impartiality in the mind of an objective disinterested observer. The Court has never had any personal contact with the Debtor. Moreover, the Debtor has not furnished an affidavit showing specific facts of personal bias or prejudice against him or his counsel pursuant to 28 U.S.C. § 144. Many of his arguments were made in a prior motion to disqualify, and were previously rejected by the Court. *See Attorney Registration & Disciplinary Com. of Supreme Court v. Betts*, 143 B.R. 1016 (Bankr.N.D.Ill.1992). The Debtor's motion to disqualify the Court is merely a renewed *ad hominem* attack based on the prior adverse rulings to the Debtor. Accordingly, the motion is denied.

### C. *The Debtor's Motion to Disqualify Armstrong*

The Court next considers the motion to disqualify Armstrong. Without citation to any authority, the Debtor summarily concludes that because Armstrong and Surin are law partners, Armstrong would prefer Surin's interest to that of Becker's, and thus Armstrong should be disqualified. Armstrong responds that there is no conflict, in part because he has agreed to hold Becker harmless for any assessment of costs and fees that might be awarded against her on the instant petition for a rule to show cause. Neither the Debtor nor Armstrong has cited to the applicable Rules of Professional Conduct for the United States District Court for the Northern District of Illinois. The operative Rule is 1.7 dealing with conflicts of interest.

Rule 1.7 provides as follows:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after disclosure.

(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after disclosure.

(c) When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved.

The Rule is based on the essential element of a lawyer's loyal representation of the client's interest, and that such loyalty, as a general proposition, prohibits undertaking representation directly adverse to the client without the client's consent. A lawyer's interests should not be permitted to have an adverse effect on the representation of a client. Rule 1.7(a) applies only when the representation of one client would be directly adverse to the other. Clients may make

informed consent to dual representation notwithstanding a conflict. Simultaneous representation of parties whose interests in litigation may conflict, however, is governed by subparagraphs (b) and (c) of the Rule. Where a conflict is charged by an opposing party as here, same should be viewed with caution because it can be misused as a technique for harassment.

 The Court denies the motion to disqualify Armstrong. No actual conflict has been shown, though the potential for differing interests between Becker and Surin exists. This potential would appear to be eliminated, however, by Armstrong's undertaking to hold Becker personally harmless from any fees or costs which may be assessable against her as a result of this matter. This result is buttressed by the provisions of Rule 3.7(c) of the Rules of Professional Conduct which contains an exception to the normal prohibition against a lawyer also serving as a witness.[2] Because there is no actual polarity or conflict of positions between Becker and Surin, and their interests coincide rather than conflict, there is no likelihood that Armstrong would prefer Surin's interests to Becker's. Accordingly, the Debtor's motion to disqualify Armstrong is denied.

### D. *The Debtor's Petition for a Rule to Show Cause*

Turning to the principal matter before the Court, the Debtor's petition for a rule to show cause, the Debtor focuses on a perceived blanket application of the automatic stay. He relies on the statutory text of section 362(a)(1)–(8), including that the citation proceedings against him were willful violations of the stay. The Debtor thus concludes that he has a remedy under section 362(h), including unspecified damages, costs, and attorney's fees. The Debtor contends, citing a number of cases from other circuits and districts, that violations of the automatic stay are null and void, and that there is no requirement that the offending party had knowledge of the bankruptcy case. Becker, Surin, and Mason counter that their actions were not willful or committed with any actual knowledge at the time of the pending case, and that the citation and a rule to show cause proceedings were excepted from the automatic stay under sections 362(b)(4) and 362(b)(5). They maintain that the citation action was an attempt to obtain property of the Serby estate, not to collect a pre-petition debt or obtain property of the estate.

 The Debtor overlooks the various exceptions to the automatic stay and the issue of the respondents' intent. The broad stay of section 362(a) protects the Debtor, property of the Debtor, and property of the bankruptcy estate. The automatic stay does not insulate the Debtor from actions regarding post-petition claims or new debt incurred, or when relief is not sought against the Debtor individually, or the Debtor's property, or property of the bankruptcy estate. The stay does not apply to actions by a governmental unit to enforce police and regulatory powers. *See* 11 U.S.C. § 362(b)(4). This exception to the stay should be narrowly interpreted. *See, e.g., In re Cash Currency Exchange, Inc.,* 37 B.R. 617 (N.D.Ill.1984), *aff'd,* 762 F.2d 542 (7th Cir.1985). The Court finds and concludes that the probate citation proceedings in the state court concerning the Serby estate, which led to the orders entered against the Debtor, were excepted from the stay of section 362(a) by section 362(b)(4).

Furthermore, the Court denies the petition for any relief against Judge White, although he has not responded. Pursuant to 28 U.S.C. § 2283, "a court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of this jurisdiction, or to protect or effectuate its judgments." Although there is a recognized power of federal courts to stay proceedings in state cases which are removed from the district court, the text of the statute makes it clear that federal courts do not routinely enjoin state court proceedings absent express authorization by Act of Congress or where necessary in aid of a federal court's jurisdiction, or to protect or effectu-

---

**2.** Rule 3.7(c) states that "[e]xcept as provided by Rule 1.7 or Rule 1.9, a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness. . . ."

ate its judgments. This Court has no such authority to enjoin the Illinois state court.

The Court is also mindful to observe the principle of comity between the state and federal courts. Under 28 U.S.C. § 1334(a), the district court, which has referred bankruptcy matters to the bankruptcy court via local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois, has exclusive jurisdiction over the bankruptcy case and over the property of the estate. The Circuit Court of the Thirteenth Judicial Circuit, LaSalle County, Illinois, on the other hand, has general subject matter jurisdiction to preside over the Serby estate probate proceeding. *See* Ill. Const. art. 6, § 9; 705 ILCS 35/25; 755 ILCS 5/16–1(a) and 5/16–1(d); 755 ILCS 5/16–2.

In addition, the rule to show cause order issued by Judge White was incidental to the Debtor's failure to respond to the citation. As such, it was entered in aid of and to enforce the prior state court order directing the Debtor to appear at a scheduled hearing relative to the Serby estate, its assets, and their administration. Thus, it is excepted from the automatic stay of section 362(a) under section 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory power. The rule to show cause order issued by Judge White was incidental to the citation proceedings, and was an order of a governmental unit to enforce its jurisdiction and authority under the Illinois Probate Act of 1975. *See* 755 ILCS 5/1–1 *et seq.*

█ The rule to show cause was a proceeding to determine whether to impose sanctions against the Debtor. It is analogous to what the Seventh Circuit recently found excepted from the automatic stay of section 362(a) under section 362(b)(4) in the context of Federal Rule of Civil Procedure 11 sanctions. *See Alpern v. Lieb,* 11 F.3d 689 (7th Cir.1993). Just as federal courts' sanctioning authority under Rule 11 (or Bankruptcy Rule 9011) is excepted from the automatic stay via section 362(b)(4), so also are the imposition of state court sanctions. Same should not be delayed indefinitely by a debtor's expedient of declaring bankruptcy, especially under these facts where the Debt-

or gave no notice of the case to any of these parties, nor scheduled any interest he may now claim in the Serby estate as property of the bankruptcy estate.

█ Additionally, Judge White is cloaked with absolute judicial immunity for acts done in performance of his duties. *See Pierson v. Ray,* 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217–1218, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872). Clearly the actions of Judge White in entering the order were acts performed in his judicial capacity. *See, e.g., Forrester v. White,* 484 U.S. 219, 226–227, 108 S.Ct. 538, 543–544, 98 L.Ed.2d 555 (1988). Similarly, Mason's actions as a court appointed special private process server under order of the state court, affords him limited protection. Immunity is accorded to non-judicial officials for their quasi-judicial conduct when acting pursuant to a court directive. *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238–1239 (7th Cir. 1986); *Young v. Peoria Housing Authority,* 479 F.Supp. 1093, 1096 (C.D.Ill.1979); *Heller v. Heller,* 1989 WL 152556 *4 (N.D.Ill. Dec. 6, 1989). In addition, the undisputed fact is that Mason was unaware of this case at the time he served the order to show cause. As authorized private process server (735 ILCS 5/2–202), he was acting as an agent of the state court. Thus, his actions are excepted from the automatic stay by virtue of section 362(b)(4).

The Debtor further argues that the respondents' actions in connection with the citation and rule to show cause proceedings were willful. Although the Court finds no violation of section 362(a) because of the exception contained in section 362(b)(4), the relief sought under section 362(h) should be discussed. Section 362(h) provides for such damages and states as follows:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

█ Section 362(h) provides a remedy for aggrieved natural persons to receive awards

of their actual damages, including costs and attorneys' fees and, where appropriate, punitive damages when they have suffered a willful violation of the automatic stay. *In re Prairie Trunk Railway,* 125 B.R. 217, 220 (Bankr.N.D.Ill.1991), *aff'd, Consolidated Rail Corp. v. Gallatin State Bank,* No. 91 C 2204, slip op. (N.D.Ill. May 15, 1992). Willful conduct is defined as a "deliberate and intentional act done with the knowledge that the act is in violation of the stay." *In re Ziegler,* 136 B.R. 497, 499 (Bankr.N.D.Ill.1992), *quoting In re Forty–Eight Insulations, Inc.,* 54 B.R. 905, 909 (Bankr.N.D.Ill.1985).

■ To prevail, the Debtor must show that the respondents took actions that violated the automatic stay while they knew that the automatic stay was in effect. *Taborski v. United States,* 141 B.R. 959, 965 (N.D.Ill. 1992); *In re Ziegler,* 136 B.R. 497, 499 (Bankr.N.D.Ill.1992). The Debtor does not have to prove that the respondents had specific intentions to violate the stay. *Taborski,* 141 B.R. at 966; *In re Waltjen,* 150 B.R. 419, 427 (Bankr.N.D.Ill.1993). A violation of the automatic stay is willful even if the respondents believed themselves justified in taking the actions found to be violative of the stay. *In re Alberto,* 119 B.R. 985, 993 (Bankr. N.D.Ill.1990).

The Court rejects the Debtor's argument that the respondents' actions in connection with the April, 1992 citation proceedings were willful. None of the respondents were scheduled creditors or listed claimants, and none received notice of the bankruptcy case when it was filed. Becker, Surin, and Mason stated that they had no actual knowledge of the existence or pendency of the case at that time. Becker and Surin first became aware of the case in June, 1992. Mason became aware of the case in August, 1993, when he was served with the instant petition. Consequently, the Court finds there was no willful violation of the stay.

■ Accordingly, the Debtor's petition for a rule to show cause is denied. None of the respondents were acting in willful violation of the automatic stay in April, 1992. Comity applies here to allow the Circuit Court of the Thirteenth Judicial Circuit, LaSalle County, Illinois to proceed with the administration of the Serby estate. The Debtor has received a discharge. The actions previously taken by the respondents did not impair his fresh start, or affect any of the Debtor's pre-petition scheduled property. Moreover, the Debtor's actions in failing to respond to the probate citation occurred post-petition, not pre-petition, and are not protected by the automatic stay, but subjected him to the lawful process of the state court pursuant to section 362(b)(4).

## IV. CONCLUSION

For the foregoing reasons, the Court hereby denies the Debtor's petition for a rule to show cause and for other relief. The Court hereby grants the motions to dismiss of Sharon Becker and Kevin Mason. Each party shall bear its own fees. No sanctions are entered. The Debtor is ordered to pay the Clerk of the Bankruptcy Court the $130.00 statutory fee for reopening this case pursuant to 28 U.S.C. § 1930(b), Appendix thereto, subsection (a). Thereafter, this case shall be re-closed pursuant to 11 U.S.C. § 350(a).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

## ORDER

For reasons set forth in a Memorandum Opinion dated the 18th day of January, 1994, the Court hereby denies the petition of the Debtor, John A. Betts, for a rule to show cause against Sharon Becker, William Surin, Kevin Mason and the Honorable Stephen D. White. The Court also denies the Debtor's motion to disqualify the Court and Craig M. Armstrong as attorney for Sharon Becker and William Surin. The Court grants the motions of Sharon Becker and Kevin Mason and dismisses the petition. The Debtor is ordered to pay the $130.00 statutory fee for reopening this case pursuant to 28 U.S.C. § 1930(b), Appendix thereto, subsection (a).