**In the Matter of STATE EXCHANGE FINANCE COMPANY, Debtor.**

**Appeal of Alfred E. McCLURE.**

**No. 89–1089.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 30, 1990.

Decided March 5, 1990.

Alfred E. McClure, Lafayette, Ind., for appellant.

Mark J. Phillipoff, Jones, Obenchain, Ford, Pankow & Lewis, South Bend, Ind., for debtor-appellee.

Before CUMMINGS and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

Alfred McClure appeals from a decision by the district court affirming a default judgment in bankruptcy court obtained by State Exchange Finance Company (known as SEFCO), which had filed a complaint in that court on January 27, 1987, to collect a promissory note of $200,000 that McClure had issued to SEFCO. SEFCO attempted to serve McClure on February 9 by mailing a summons and a copy of the complaint, certified mail. When the post office returned the letter to SEFCO with the notation that it had been unclaimed after two attempts to notify the addressee, SEFCO both asked the sheriff to serve McClure personally and on March 13 mailed McClure's lawyer, Randolph Wolfson, a copy of the summons and complaint. The sheriff's office issued a certificate that SEFCO filed with the bankruptcy court on March 26, certifying that on March 18 the office had personally served McClure with the summons and complaint.

As stated in the summons, McClure was required to file his answer to the complaint on April 9. No answer was filed that day, and the next day SEFCO moved for entry of default pursuant to Fed.R.Civ.P. 55(a), made applicable to bankruptcy proceedings by Bankr.R. 7055. The default was entered on April 13, and the next day SEFCO moved for entry of judgment. On April 9 or 10, Wolfson had mailed an appearance, and a motion for an extension of time within which to file an answer, to the bankruptcy court, and the appearance and motion were filed in the court on April 13, the same day the default was entered. On

April 22, Wolfson moved to set aside the default, and at the same time filed the answer to the complaint; but after a hearing the bankruptcy judge denied the motion and set a further hearing to determine damages, after which he entered judgment for $197,905.56 against McClure.

McClure argues first that the bankruptcy court never obtained personal jurisdiction. The argument is based on a discrepancy in the sheriff's certificate, and is frivolous. This is not because there is no discrepancy (although it appears to be trivial), but because Wolfson filed an appearance on McClure's behalf without contesting jurisdiction—and indeed acknowledged in his filing that McClure had been served around March 30. Neither in the motion to set aside the default nor in the answer to the complaint did McClure raise the issue of personal jurisdiction. He raised it for the first time at the hearing at which the bankruptcy judge denied the motion to set aside the default. This was too late. Fed. R.Civ.P. 12(h)(1); *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 663 (7th Cir. 1986).

The only substantial question is whether the motion to set aside the default should have been granted. Two judges have said no, and we are not disposed to disturb their decision. It is true that the answer was filed only two weeks late (April 22, instead of April 9 when it was due). But even if the answer is filed two minutes late, if a default is entered the defendant cannot get it set aside without showing that he had good cause for the default. Fed.R.Civ.P. 55(c); *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182 (7th Cir.1982); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir.1983). This McClure has failed to do. Even if—as we do not believe for a moment—McClure somehow failed to receive word that a piece of certified mail from SEFCO's attorney was sitting in his post office box, and even if, as we also do not believe, the sheriff's department failed to serve McClure, the summons and complaint were mailed to McClure's lawyer on March 13, and received so far as appears within two or three days thereafter and hence more than three weeks before the answer was due. No reason is given why it should have taken Wolfson and McClure (himself a lawyer) until April 22, more than a month later, to file an answer.

Traditionally, default judgments were strongly disfavored; however, "this court has moved away from the traditional position ...; we are increasingly reluctant to reverse refusals to set them aside." *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1192 (7th Cir. 1986). To the cases cited in *Dimmitt*, we may now add our more recent cases of *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136 (7th Cir.1987); *North Central Illinois Laborers' District Council v. S.J. Groves & Co.*, 842 F.2d 164 (7th Cir.1988); *United States v. DiMucci*, 879 F.2d 1488, 1493–96 (7th Cir.1989). The old formulas—a harsh sanction, drastic, should be imposed only as a last resort, for example when other, less drastic remedies prove unavailing, etc.—are still at times intoned. The new practice, however, is different. The entry of a default judgment is becoming—without interference from this court—a common sanction for late filings by defendants, especially in collection suits such as this against sophisticated obligors. At a time of unprecedented caseloads, federal judges are unwilling to allow the processes of the federal courts to be used for purposes of delaying the payment of debts. McClure—a lawyer—evaded the service of process, allowed the deadline for filing his answer to pass, made a frivolous request for Rule 11 sanctions, raised a frivolous argument concerning personal jurisdiction (frivolous because plainly waived by not having been timely raised), and in his briefs in this court has failed to cite a single decision in this court dealing with the standard for setting aside a default. His entire course of conduct in this litigation provides ample justification for the conclusion of the courts below that his default was unexcused and should not be forgiven.

AFFIRMED.