**In re John STALLINGS, Debtor.**

**John STALLINGS, Plaintiff,**

v.

**Robert McCORMACK, Defendant.**

**Bankruptcy No. 93–40922.
Adv. No. 95–4003.**

United States Bankruptcy Court,
S.D. Illinois.

June 7, 1995.

Darrell Dunham, Murphysboro, IL, for plaintiff.

Rebecca Whittington, Carbondale, IL, for defendant.

*OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

On January 5, 1995, John Stallings (debtor/plaintiff) filed a complaint against Robert McCormack (defendant) seeking $47,228.27

for work performed pursuant to the terms of a subcontract between plaintiff and defendant. A summons was issued on the same day. Counsel for plaintiff subsequently filed a signed certificate of service indicating that defendant had been served by first class mail on January 13, 1995. When defendant failed to answer or otherwise respond, the clerk's office, on February 7, 1995, mailed a notice of default entitlement to plaintiff and his attorney. The Court's records indicate that a copy of the notice was also mailed to defendant. Plaintiff then filed a request for entry of default, and on February 27, 1995, the clerk's office docketed an entry of default against defendant. Again, the Court's records show that a copy of the entry of default was mailed to all interested parties, including defendant, on February 27, 1995. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure,[1] plaintiff then filed a motion for entry of judgment, and on March 8, 1995, the Court entered a default judgment against defendant in the amount of $47,228.27. A copy of the Court's judgment was mailed to all interested parties, including defendant, on the same date.

On March 17, 1995, defendant filed a motion to set aside judgment order pursuant to Rules 55(c) and 60(b).[2] Defendant contends that he did not receive the summons and complaint, that he has had problems receiving mail in the past, that he did not know he was a named defendant in this suit prior to the Court's entry of judgment against him, and that he has meritorious defenses to plaintiff's complaint. He asks that the Court set aside the entry of default dated February 27, 1995 and the default judgment dated March 8, 1995.

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of

default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). Rule 60(b) provides, in part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). While defendant does not specify the subsection of Rule 60(b) on which he relies, it appears that defendant's argument is based either on "excusable neglect" or "any other reason justifying relief from the operation of the judgment."

▮▮▮ To vacate a default order under Rule 55(c), "the defendant must show '(1) good cause for [defendant's] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint.'" *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1401 (7th Cir.1993) (citations omitted). *"The same requirements, although more strictly applied, must be met to set aside a default judgment under Rule 60(b)." Id.* (emphasis added) (citations omitted). *See also United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir.1989) (test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context).[3] In this case, the Court finds, for the reasons set forth below, that defendant has failed to satisfy the first requirement—that is, under either the more liberal standard of Rule 55(c) or the stricter standard of

---

1. Rule 55 applies to adversary proceedings pursuant to Bankruptcy Rule 7055.

2. Rule 60(b) applies to bankruptcy cases pursuant to Bankruptcy Rule 9024.

3. The difference between setting aside the entry of a default and providing relief from a default judgment has been explained as follows:

> [T]he elements advanced in support of a motion under Rule 55(c) will be the same whether

relief is sought from a default entry or from a default judgment. . . . On the other hand, how these factors will be evaluated and weighed on a motion under Rule 55(c) lies within the discretion of the trial court to a considerable degree, and, not surprisingly, the federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment. . . .

Wright, Miller & Kane, *Federal Practice & Procedure* § 2692 at 470–71.

Rule 60(b), defendant has not established good cause for his failure to answer, or otherwise respond to, plaintiff's complaint.

Defendant contends that he did not receive the complaint or summons and that he had no knowledge of the case until sometime in early March, when he received a copy of the default judgment. However, counsel for plaintiff filed a verified "Certificate of Service" showing that defendant was served with the summons and complaint by first class mail on January 13, 1995. "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *O'Brien,* 998 F.2d at 1398 (citations omitted). *See also In re Betts,* 143 B.R. 1016, 1022 (Bankr. N.D.Ill.1992) (a certification of service is entitled to a prima facie presumption of its validity and effectiveness).

In addition, the Court's records indicate that the clerk's office mailed defendant a copy of the following documents on the stated dates:

| | |
|---|---|
| Notice of Default Entitlement | February 7, 1995 |
| Entry of Default | February 27, 1995 |
| Judgment Order | March 8, 1995 |

At the Court's request, defendant submitted the envelopes in which these documents were mailed. The envelopes are postmarked, respectively, with the same dates noted above. None of the envelopes were returned to the clerk's office, nor is there anything on the envelopes to indicate that the documents were received by someone other than defendant.

At the hearing on the motion to vacate default judgment, defendant testified that he has experienced continuous problems with mail service. More specifically, defendant testified that there are several individuals in the area where he lives with the name of "Robert McCormack" or "Robert McCormick," including his father; that he has, in the past, received their mail; and that he "assumes" these individuals have, at times, received mail belonging to him. However, defendant could not recall any specific instances when his father, or other individuals, had mistakenly received mail that was his, nor was he able to verify whether his father, or other individuals with the same name, had received any of the documents related to this litigation. When asked whether he had received any correspondence from the Court and/or plaintiff's counsel in February 1995, defendant answered that he "didn't recall."

The Court finds that defendant's testimony is vague and inconsistent and that defendant, in general, lacks credibility. In short, defendant has failed to rebut—by strong and convincing evidence—the presumption that he was validly and effectively served with the complaint and summons and other related pleadings and orders. For these reasons, his request to vacate the entry of default and the default judgment must be denied.

■ While defendant argues that a default judgment is a harsh sanction that should only be employed in extreme situations, the Seventh Circuit "no longer follows the earlier doctrine disfavoring defaults." *O'Brien,* 998 F.2d at 1401. As explained by the Court in *Matter of State Exchange Finance Co.,* 896 F.2d 1104 (7th Cir.1990):

> Traditionally, default judgments were strongly disfavored; however, "this court has moved away from the traditional position ...; we are increasingly reluctant to reverse refusals to set them aside." *Dimmitt & Owens Financial, Inc. v. United States,* 787 F.2d 1186, 1192 (7th Cir. 1986).... The old formulas—a harsh sanction, drastic, should be imposed only as a last resort, for example, when other, less drastic remedies prove unavailing, etc.—are still at times intoned. The new practice, however, is different. The entry of a default judgment is becoming—without interference from this court—a common sanction for late filings by defendants.... At a time of unprecedented caseload, federal judges are unwilling to allow the processes of the federal courts to be used for purposes of delaying the payment of debts.

*Matter of State Exchange Finance Co.,* 896 F.2d at 1106.

Accordingly, IT IS ORDERED that defendant's motion to set aside judgment order is DENIED.