89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Keithian L. ARNOLD, Plaintiff-Appellant,
v.
BOATMEN'S NATIONAL BANK, OF BELLEVILLE, Defendant-Appellee.
 No. 95-2223.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1996.*
Decided June 25, 1996.
Rehearing and Suggestion for Rehearing In Banc Denied July 30, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The district court granted the defendant's, Boatmen's National Bank ("BNB"), motion for summary judgment on plaintiff's, Keithian Arnold ("Arnold"), racial and sexual discrimination claims brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000(e), et seq. ("Title VII"). Arnold appeals the summary judgment and the district court's denial of his motion for a default judgment. Because the district court did not abuse its discretion in denying Arnold's motion for a default judgment and since Arnold failed to show a material issue of fact precluding summary judgment of his discrimination claims, we affirm.
 
 
 2
 On February 4, 1994, Arnold filed a complaint alleging that BNB discriminated against him by refusing to hire him on account of his race and his sex. He also claimed that BNB retaliated against him for filing an earlier lawsuit against another subsidiary of BNB's parent company. (Def.'s Br. at 4). On July 15, 1994, ten days after BNB's answer was due pursuant to Federal Rule of Civil Procedure 12(a), Arnold filed a motion for default judgment against BNB for its failure to file a timely responsive pleading. The district court denied this motion after granting BNB's motion for additional time within which to answer the complaint. (R. at 24). In subsequently denying Arnold's motion to reconsider, the court noted that BNB timely complied with the court-ordered filing deadline.
 
 
 3
 In his second motion for reconsideration, Arnold argued that BNB failed to show "excusable neglect" for its tardiness. BNB responded that its failure to timely file its answer should be excused since the complaint was not originally sent to an authorized agent (for receiving process) of the company,[1] and then after it was forwarded to the human resources department, an employee (being preoccupied with getting married, resigning, and moving) failed to promptly re-direct it to the department's in-house counsel. BNB's filed its answer one day after its in-house counsel became aware of the complaint, ten days after it was due. (Def's Br. at 7). Finding that BNB demonstrated "excusable neglect" for failing to timely answer and that Arnold had not been substantially prejudiced by the delay, the court again denied the motion (R. at 29). Likewise, the court refused to grant Arnold relief in his third (R. at 32) and fourth motions to reconsider (R. at 41), again noting Boatmen's excusable neglect, lack of prejudice to Arnold, and Arnold's failure to identify any clear error of law or new evidence that would warrant reconsideration.
 
 
 4
 Federal Rule of Civil Procedure 12(a) requires a defendant to file an answer within twenty days after the service of the summons and complaint; the failure to do so may result in the defendant's default under Federal Rule of Civil Procedure 55(a). The decision to enter default lies within the district court's discretion. Silva v. City of Madison, 69 F.3d 1368, 1377 (7th Cir.1995); O'Brien v. R.J. O'Brien & Assoc., Inc., 998 F.2d 1394, 1398 (7th Cir.1993). A district court does not abuse its discretion in granting a party an enlargement of time to file a pleading if the party demonstrates "excusable neglect" for its delay. See Fed.R.Civ.P. 6(b). Indeed, in the absence of excusable neglect, we have not hesitated to affirm the entry of default judgments: see Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42 (7th Cir.1994) (failure to ever file an answer or attend status hearing); O'Brien, supra, 998 F.2d at 1398 (failure to file an answer for seventeen months); In re State Exchange Finance Co., 896 F.2d 1104, 1106 (7th Cir.1990) (noting that federal courts no longer strongly disfavor default judgments and entering default against defendant who evaded service of process, filed a late answer, and filed frivolous appeals concerning personal jurisdiction). A review of such cases shows that relief under the "excusable neglect" standard may be granted only " 'where the actions leading to the default were not willful, careless, or negligent'." Johnson v. Gudmundsson, 35 F.3d 1104, 1117 (7th Cir.1994) (citation omitted).
 
 
 5
 As previously noted, BNB's responsive pleading was filed ten days late but only one day after its in-house counsel became aware of the complaint. Although Arnold sought reconsideration of the district court's extension four times, he did not present any evidence showing that BNB's tardiness was due to willfulness, carelessness, or negligence. BNB argued (and Arnold did not dispute) that at least part of its delay was due to Arnold's failure to serve an authorized agent of the company. Even assuming that one of BNB's employees was negligent in paying more attention to wedding planning than to business-at-hand, Arnold contributed to the delay failing to name the appropriate individual to receive service. Moreover, unlike several of the cases where we affirmed default judgments, BNB did not attempt to evade service and did not unduly neglect its duty to file a responsive pleading. Under these circumstances presented to the district court, we find no abuse of discretion in denying Arnold's motion for default judgment.
 
 
 6
 In order to survive BNB's motion for summary judgment, Arnold must show through specific evidence that an issue of material fact remains on matters for which he bears the burden of proof at trial. Walker v. Shanksky, 28 F.3d 666, 670-71 (7th Cir.1994), citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The district court held that Arnold failed to show a prima facie case of discrimination under Title VII or § 1981, both of which require proof of intentional discrimination. See Von Zuckerstein v. Argonne National Labs., 984 F.2d 1467, 1472 (7th Cir.1993). The district court found that Arnold failed to show that he was qualified for the accounting position he sought or that he was rejected despite his qualifications.[2] (R. at 41, A-4). The court also opined that Arnold failed to illustrate facts giving rise to an inference of unlawful discrimination. Id. at A-5. The court reasoned that no unlawful intent to discriminate was shown by BNB's practice of hiring experienced internal candidates in its accounting department at a time when Arnold's employment application was not active, when BNB did not solicit any outside applicants, and when Arnold's unsolicited application did not evidence his qualifications for the job openings. Id. Moreover, the court stated that even if Arnold had established a prima facie case of discrimination, summary judgment was proper since Arnold failed to rebut the legitimate, nondiscriminatory reasons (that Arnold's skills and work experience were inferior to those persons hired for the open positions) which supported BNB's hiring decisions. Id. at A-6 n. 5.
 
 
 7
 Arnold's sole argument on appeal of the summary judgment is that the district court should have denied the motion because "[he] showed the district court Boatmen's violated (by ignoring) the court's discovery order leaving itself with no defense ... [and that he] showed the disparate impact on Black males which was Boatmen's excluding us (Black males) from its hirees ..." (Pl.'s Br. at 9). In our de novo review--which does not require us to research and construct facts and legal arguments available to the parties, In re Maurice, 21 F.3d 767, 774 (7th Cir.1994); Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990)--we find no evidence to support these self-serving conclusions. Accordingly, because Arnold has not satisfied his burden under Celotex, we AFFIRM the judgment of the district court granting BNB's motion for summary judgment.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Apparently, BNB waived any personal jurisdiction arguments it might have had based on improper service and instead chose to argue that the improper service supported its motion for an extension of time to file an answer
 
 
 [2]
 Arnold's complaint also alleged that BNB discriminated against him by not hiring him for any position at all. The district court held that this claim was beyond the scope of Arnold's EEOC charge and could not be raised under Title VII