In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-2952

JEANINE LEA MOMMAERTS,

*Plaintiff-Appellant,*

*v.*

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05-C-894—**William C. Griesbach**, *Judge.*

SUBMITTED DECEMBER 20, 2006—DECIDED JANUARY 8, 2007

Before EASTERBROOK, *Chief Judge*, and POSNER and MANION, *Circuit Judges.*

EASTERBROOK, *Chief Judge.* Disappointed when an ERISA plan denied her request for long-term disability benefits, Jeanine Mommaerts filed this action under 29 U.S.C. §1132(a)(1)(B). The district court granted summary judgment in the plan's favor, see 2006 U.S. Dist. LEXIS 39130 (E.D. Wis. June 12, 2006), and on this appeal Mommaerts does not contest that ruling. Instead she maintains that the district court should have given her the victory whether or not she is entitled to benefits under the plan's terms. That's so, Mommaerts contends, because Hartford, the plan's insurer (which both sides

treat as the proper defendant), filed its answer to her complaint 16 days late.

Mommaerts filed her complaint on August 19, 2005. A process server delivered the complaint and summons to Hartford's office in Bloomington, Minnesota, on August 25, 2005. Hartford treated these documents as courtesy copies, expecting formal service to be made in Connecticut (its corporate headquarters) or Wisconsin (where the suit had been filed). Yet service may occur anywhere a corporate officer (or agent authorized to accept process) may be found, so delivery in Minnesota was effective under Fed. R. Civ. P. 4(h)(1).

Hartford had 20 days from service, or until September 14, to answer the complaint. Fed. R. Civ. P. 12(a)(1)(A). It filed an answer on September 30—though Hartford's counsel thought that his answer was early rather than late. Having received notice, counsel decided to dispense with formal service and get on with the litigation. Not until seeing Mommaerts's motion to strike the answer and enter a default judgment did Hartford appreciate that service had been accomplished on August 25 in Minnesota. After hearing oral argument, the district court denied the motion to strike and ordered the litigation to proceed. It is this decision that Mommaerts contests on appeal.

Both sides proceed as if Hartford needed "good cause" to avoid entry of default. That's not right. "Good cause" is the standard for *vacating* a default after its entry. See Fed. R. Civ. P. 55(c). What Hartford needed was an extension of time to file its answer. Extensions may be granted, after the time for action has passed, when justified by "excusable neglect." See Fed. R. Civ. P. 6(b)(2). That term, the subject of *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 395 (1993), "encompasses situations in which the failure to comply

with a filing deadline is attributable to negligence" if the oversight is excusable. 507 U.S. at 394.

The district judge thought Hartford's blunder excusable, given the norm that formal service occurs (or at least is attempted) where the suit has been filed, if the defendant has an office or registered agent there (as Hartford does). The delay was short; Hartford's counsel thought that he was expediting rather than delaying the litigation; Mommaerts did not suffer prejudice. *Pioneer Investment Services* holds that appellate review of such decisions is deferential, 507 U.S. at 398-99; this decision was not an abuse of discretion. See also, e.g., *Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994).

What is more, it would make little sense to enter a default after a case has been decided on the merits and it is demonstrable that delay did not cause injury. Default judgments short-circuit the case; once the merits have been addressed and resolved, however, no savings are to be had and some other sanction should be used (if any sanction at all is appropriate). We held in *United States v. McLaughlin*, No. 05-4725 (7th Cir. Dec. 8, 2006), slip op. 6, that a district judge's decision to tolerate a plaintiff's harmless delay in serving a defendant with process cannot be an abuse of discretion. Just so when a district judge decides to tolerate a defendant's harmless delay in answering a complaint.

A default judgment is the biggest weapon in the district court's armory. It may be used to bring recalcitrant litigants to heel or penalize tactics designed to cause substantial prejudice to the adversary. See, e.g., *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Davis v. Hutchins*, 321 F.3d 641 (7th Cir. 2003); *Philips Medical Systems International, B.V. v. Bruetman*, 8 F.3d 600 (7th Cir. 1993); *In re State Exchange Finance Co.*, 896 F.2d 1104 (7th Cir. 1990); *United States*

*v. DeFrantz*, 708 F.2d 310 (7th Cir. 1983). Hartford not only did not engage in abusive tactics or cause Mommaerts any prejudice but also had no need to do so, as it held the winning hand. Using a default judgment to strip the winner of its rights, in response to non-prejudicial neglect, cannot be appropriate. It would be a pointless windfall.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*