**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 14, 2010[*]
Decided October 18, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1544

| | |
|---|---|
| BRAD R. JOHNSON,<br>　　*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 08 CV 02192 |
| CITY OF KANKAKEE, ILLINOIS, et al.,<br>　　*Defendants-Appellees*. | Harold A. Baker,<br>*Judge*. |

**O R D E R**

Brad Johnson is embroiled in a longstanding quarrel with the City of Kankakee, Illinois. After losing a constitutional challenge to a city ordinance, he returned to the same federal district court with this essentially identical litigation. The district court dismissed the complaint. Because Johnson's claims are barred by the doctrine of claim preclusion, we affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

This dispute began when a city employee determined that the house Johnson shares with his wife, child, and several unrelated people is a rental property. *See Johnson v. City of Kankakee*, 260 F. App'x 922, 924 (7th Cir. 2008). The employee told Johnson that the city's rental ordinance required him to obtain a license and submit the property to inspection. *Id.* He refused to comply and instead sued the city and three of its employees, claiming that the ordinance is unconstitutional on its face and as applied. *Id.* In upholding the dismissal of that lawsuit, we concluded that Johnson lacked standing to press his claim that the ordinance violates the right to family association. *Id.* at 924-25. We also concluded that the ordinance does not infringe Johnson's rights to direct the upbringing of his child, privacy, religious freedom, freedom of association, or interstate travel. *Id.* at 925-26. Finally we rejected his claim that the city was selectively enforcing the ordinance in violation of his right to equal protection. *Id.* at 926.

Undeterred by our decision, Johnson returned to the district court a few months later with this suit in hand. Invoking identical constitutional provisions, the complaint echoes the claims he litigated and lost in his earlier suit against the city and its employees. But in a twist he also tacks on a state-law claim against Aqua Illinois, which provides water to Johnson's house; the utility, he asserts, charged him for services that he never used. The municipal defendants failed to answer the complaint within 20 days because their agent for service had misdirected it to the wrong insurance company. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Johnson moved for a default judgment, *see* Fed. R. Civ. P. 55(b)(2), but instead the district court excused the oversight and allowed the suit to proceed, *see* Fed. R. Civ. P. 6(b)(1)(B).

Each of the defendants moved to dismiss the case on the pleadings. *See* Fed. R. Civ. P. 12(b)(1), (5), (6). The city now argued that it was never served properly because Johnson had delivered a copy of the summons and complaint to its attorney instead of its mayor or clerk. *See* Fed. R. Civ. P. 4(j)(2)(A), (B); 735 ILCS 5/2-211. The city employees advanced several grounds for dismissal, including claim preclusion. Aqua contended that Johnson's state-law claim did not arise from the same case or controversy as his claims against the municipal defendants. The district court granted the motions and dismissed Johnson's suit.

On appeal Johnson argues that the district court should have granted his motion for a default judgment against the municipal defendants. That argument is a nonstarter, however, because a district court's decision to tolerate a defendant's harmless delay in answering a complaint *cannot* be an abuse of discretion. *See Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007). Nor do we see any error in the

district court's conclusion that Johnson's spat with Aqua over his water bill has nothing to do with Kankakee's rental ordinance.  *See* 28 U.S.C. § 1367(a); *Baer v. First Options of Chi., Inc.*, 72 F.3d 1294, 1298-99 (7th Cir. 1995).

We need not address Johnson's remaining contentions because his challenge to Kankakee's rental ordinance is barred by the doctrine of claim preclusion.  *See Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008); *King v. Burlington N. & Santa Fe Ry.*, 538 F.3d 814, 818 (7th Cir. 2008).  We may affirm the judgment on any alternate ground that was presented to the district court.  *See Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009).  Relying on information contained in the complaint, *see* Fed. R. Civ. P. 12(b)(6), (c), and taking judicial notice of public court records, *see Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994), we conclude that Johnson already had a full and fair opportunity to litigate whether the ordinance runs afoul of the Constitution, *see Johnson*, 260 F. App'x 922.  We will not permit him to take another bite at the apple.

AFFIRMED.