**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2020[*]
Decided March 23, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2751

| | |
|---|---|
| MILTON J. LEBLANC, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 15 C 6019 |
| MR. BULT'S, INC., *Defendant-Appellee*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

After a semitruck rear-ended the car in which Milton LeBlanc was riding, he sued Mr. Bult's, Inc. (the owner of the truck) and Antonio Wright (the driver) in state court. The defendants removed the case to federal district court, and after protracted litigation the court entered summary judgment against LeBlanc. Because LeBlanc's argument that the district court should have entered a default judgment in his favor is baseless, we affirm.

---

[*] We agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

In mid-2013 LeBlanc was involved in two automobile collisions; only the second one concerned the defendants. While driving a truck owned by Mr. Bult's, Antonio Wright rear-ended the car in which LeBlanc was a passenger. Nearly two years later, he sued Mr. Bult's and Wright in the Circuit Court of Cook County to recover for his alleged back and neck injuries. The defendants removed the case to federal court asserting diversity jurisdiction. Mr. Bult's is an Illinois citizen that was defending in Illinois state court, so LeBlanc could have objected to removal on that ground. *See* 28 U.S.C. § 1441(b)(2); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). But that defect was procedural, not jurisdictional, and LeBlanc did not raise it—let alone within 30 days, as required. *See Thornton v. M7 Aerospace LP*, 796 F.3d 757, 764 (7th Cir. 2015).

After three years the suit ended in stages. First, LeBlanc said that he planned to drop his lawsuit against Wright (the driver) and pursue his case only against Mr. Bult's. This led Wright to withdraw his answer to LeBlanc's complaint. The judge then ordered LeBlanc to confirm that he no longer intended to sue Wright, and LeBlanc obeyed by successfully moving to dismiss Wright. Later, LeBlanc moved for a default judgment, asserting that Mr. Bult's had withdrawn its answer. The judge denied the motion, explaining that only Wright (now dismissed) had withdrawn an answer; Mr. Bult's had not. Both parties then moved for summary judgment, and the judge entered summary judgment for Mr. Bult's. The judge concluded that LeBlanc had not offered any evidence that the second collision had injured him.

On appeal LeBlanc's only developed argument is frivolous. He argues that Mr. Bult's defaulted by withdrawing its answer to his complaint, the judge wrongly ruled otherwise, and the judge should not have permitted the case to proceed to summary judgment. But Mr. Bult's never withdrew its answer and never defaulted; only Wright withdrew his answer. Mr. Bult's continued to defend itself in the district court on the merits, and the judge ruled in its favor. "What is more, it would make little sense to enter a default after a case has been decided on the merits" where, as here, the timing of the answer "did not cause injury" to the plaintiff. *Mommaerts v. Hartfort Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007).

We have considered other possible issues on appeal. First, we have asked whether LeBlanc challenges the entry of summary judgment on the merits, but we conclude that he does not. He focuses solely on a failed argument that he deserved a default judgment. He does not otherwise challenge the district court's judgment, so any

such argument is waived. *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). Finally, we note that LeBlanc lists three dozen other "issues" in his brief. But he develops none of them, so we need not discuss them. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 791 (7th Cir. 2019).

AFFIRMED