NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2021[*]
Decided April 16, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1776

| | |
|---|---|
| DAVID ROBERT BENTZ, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:18-cv-00017-JPG-RJD |
| STEVEN M. NEWBOLD, <br> *Defendant-Appellee*. | J. Phil Gilbert, <br> *Judge*. |

**O R D E R**

David Bentz, an Illinois inmate suing under 42 U.S.C. § 1983, appeals the district court's judgment that he did not exhaust administrative remedies on his claim against a prison dentist. After the dentist raised the lack of exhaustion as an affirmative defense, the court held an evidentiary hearing, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), found that Bentz had not exhausted his administrative remedies, and dismissed

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the claim without prejudice. Because the court did not clearly err by crediting the dentist's evidence, we affirm.

In 2016, Bentz sued prison officials at Menard Correctional Center in Illinois, raising two sets of claims. First, he alleged that guards beat him in August 2014 and then denied him care for his injuries. *Bentz v. Maue,* No. 16-00854-NJR (S.D. Ill. filed July 27, 2016). Second, he asserted that Dr. Steven Newbold, a prison dentist, ignored obvious pain and swelling in his neck at a dental appointment in May 2015. The district court determined that Dr. Newbold was improperly joined, *see* FED. R. CIV. P. 18; *George v. Smith,* 507 F.3d 605 (7th Cir. 2007), and severed that claim into this suit.

The suit against Dr. Newbold began and ended with motion practice. When Dr. Newbold did not timely respond to Bentz's complaint, Bentz moved for the entry of a default judgment. The district court denied the motion after counsel for Dr. Newbold promptly filed a belated answer and explained that his law firm had made an assignment error in handling the matter. Bentz cited no prejudice from the delay. Dr. Newbold then moved for summary judgment based on Bentz's failure to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The court referred the matter to a magistrate judge, and Bentz submitted two grievances that he believed satisfied exhaustion. One from May 2014 complained of inadequate care from medical officers; the second, a handwritten grievance that Bentz alleged was a copy of a grievance he submitted in June 2015, complained about Dr. Newbold's treatment. Ordinarily on summary judgment, the court views the facts in the light most favorable to the non-moving party, however, when the motion pertains to a claim that the prisoner failed to exhaust administrative remedies, a court can conduct an evidentiary hearing and find facts and determine credibility in order to decide whether to allow the claim to proceed or dismiss it for failure to exhaust. *Pavey*, 544 F.3d at 742. After the hearing, the magistrate judge recommended that Bentz's claim be dismissed for failure to exhaust: The May 2014 grievance did not cover complaints about services rendered in 2015. And based on the testimony of prison officials who swore that Bentz never filed the handwritten grievance in June 2015, the magistrate judge rejected Bentz's contrary assertion that he had done so. Over Bentz's objections, the district judge adopted the recommendation and dismissed the case.

On appeal, Bentz contends that the district court reversibly erred by refusing to credit his testimony that he exhausted. We cannot meaningfully review Bentz's challenges to the court's factual findings, however, because he failed to provide a transcript of the *Pavey* hearing. *See* FED. R. APP. P. 10(b)(2); *Morisch v. United States*,

653 F.3d 522, 529 (7th Cir. 2011). In any event, we would review a district court's factual findings deferentially, and Bentz has given us no reason to conclude that the court committed legal error. *See Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). He acknowledges that prison officials testified that they had no record of the June 2015 grievance. Faced with two sworn, conflicting accounts, the court as the trier of fact permissibly accepted the one that it found more plausible. *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985). And his 2014 grievance could not reasonably give notice for events that allegedly occurred a year later. *See Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020).

Bentz also faults the district court for excusing Dr. Newbold's default in answering the complaint belatedly. He argues that the law firm's error did not justify allowing Dr. Newbold to answer Bentz's complaint after the 60-day window for responding. Bentz's argument fails for two reasons. First, he waived the argument when he failed to raise it in district court. *See Henry v. Hulett*, 969 F.3d 769, 78586 (7th Cir. 2020). Second, a district court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). And the district court reasonably found that it had good cause to do so here: Dr. Newbold's belated response was inadvertent, quickly remedied, and caused no prejudice. It "cannot be an abuse of discretion" when "a district judge decides to tolerate a defendant's harmless delay in answering a complaint." *Mommaerts v. Hartford Life and Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007).

AFFIRMED